## JACOB BLEVINS v. JAMES M. BARKER.

A sold to B a tract of land, executing and delivering therefor a deed in fee simple, and taking from B a note for value received, and in which it is stated, " the land I have sold to B is bound for this note;" afterwards B sold the land to the defendant, and in the meantime A transferred the note to the plaintiff, who obtained judgment thereon, and caused said land to be levied on and sold as the land of B, the obligor in the note, he, the plaintiff, purchasing the same at the sheriff's sale and taking the sheriff's deed therefor: HELD, in an action to enforce said lien and recover possession of said land, that had the terms of the note been incorporated in the deed and been duly registered, it might have constituted a lien or trust, attached to the land and accompanying its transfer to the defendant, who would have taken it *cum onere.*

If such note, in connection with the deed, could have had the force of a mortgage, on registration, it can have no validity whatever until so registered, and then it could take effect only from and after registration. Under the act of 1829, Bat. Rev., chap. 35, sec. 12, no notice to the purchaser, (the defendant,) however full and formal, will supply the place of registration.

(*Latham* v. *Skinner*, Phill. Eq., 292; *Robinson* v. *Willoughby*, 70 N. C. Rep., 358; *Fleming* v. *Burgin*, 2 Ired. Eq., 584; *Legget* v. *Bullock*, Busb., 283; *Miller* v. *Miller*, Phill. Eq., 85, and *Womble* v. *Battle*, 3 Ired. Eq., 182, cited and approved.)

This was a CIVIL ACTION, to enforce a lien on a certain tract of land and to recover possession thereof, tried at Spring Term, 1876, of ASHE Superior Court, before his Honor, Judge FURCHES.

All the facts necessary to an understanding of the points decided in this Court are stated in the opinion of Justice BYNUM.

On the trial in the Superior Court, the defendant had judgment, and the plaintiff appealed.

*Folk*, for appellant.
*Armfield* and *M. L. McCorkle*, contra.

BYNUM, J.   Jane Senter, being seized in fee of a tract of land lying in the county of Ashe, in November, 1869, sold and conveyed the same by a deed in fee absolute, to W. E. Senter, who at the same time executed and delivered to Jane Senter a note of the following tenor: " Six months after date I promise to pay to Jane Senter two hundred dollars for value received of her; the land I have sold to W. E. Senter is bound for this note." In January, 1871, W. E. Senter sold and conveyed the land, by deed in fee, to the defendant, James M. Barker.

Afterwards Jane Senter sold and transferred the said note on W. E. Senter to the plaintiff, Blevins, who brought suit and recovered judgment thereon against W. E. Senter, and caused the said tract of land to be levied on and sold under execution, as the land of the obligor in the note, purchased the same, took the sheriff's deed and brought this action against the defendant, seeking to set up and enforce a lien on the land for the debt, by virtue of the provisions of the before recited note.

Had the terms of the note been incorporated in the deed made by Jane to W. E. Senter, and the deed duly registered, it might have constituted a lien or trust attached to the land and accompanying its transfer to the defendant, who would have taken it *cum onere.*   *Latham* v. *Skinner,* Phil. Eq., 292.

But the deed from Jane is an absolute one, containing no such declaration of a trust in favor of the grantor, to secure the purchase money so as to constitute an express as distinguished from an implied lien.   The grantor, Jane Senter, no doubt supposed that the condition of the note bound the land for the purchase money, and had the note been registered at the same time with, and as a part of the deed, such a construction might have been given to the whole transaction.   It is a matter of regret that such an effect cannot be given to it, but the note was not registered and as a part of the deed.

As a mortgage, trust or encumbrance upon the land for the payment of the purchase money, it must therefore fail. No such encumbrance, by whatever name called, can be created so as to operate against creditors, and subsequent purchasers for value, until registered. If the note, in connection with the deed, could have had the force and effect of a mortgage, on registration, it can have no validity whatever until so registered, and then it could take effect only from and after registration. Under the act of 1829, Bat. Rev., chap. 35, sec. 12, no notice to the purchaser—here the defendant, however full and formal, will supply the place of registration. *Robinson* v. *Willoughby, et. al.,* 70 N. C. Rep., 358 ; *Fleming* v. *Burgin,* 2 Ired. Eq., 584 ; *Leggett* v. *Bullock,* Busb., 283 ; *Miller* v. *Miller,* Phil. Eq., 85.

It is altogether too late to contend that the vendor of real estate, who has conveyed it by deed, has a lien upon the land for the purchase money. Nor can the vendor reserve a lien, unless he take his security in writing and have it registered. All secret trusts, latent liens and hidden incumbrances, are and were intended to be cut up by the roots, by force of our registration laws. And since the decision of this court in *Womble* v. *Battle,* 3 Ired. Eq., 182, the law as here announced has been considered as well settled in North Carolina.

There is no error.

PER CURIAM.                            Judgment affirmed.