In the Matter of the Application of the CITY of ROCHESTER to Acquire Land for Park Purposes.

In proceedings by the city of Rochester, under the act of 1888 (Chap. 193, Laws of 1888) to acquire lands for a public park, a preamble and resolutions were passed by the common council, which recited that a map of the lands proposed to be taken had been made, certified and filed as required by law; that a resolution had been duly passed by the common council declaring the intention of the city to take the lands described therein and notice of such intention given as required, and that the city thereby declared that it had determined to take said lands. The resolutions declared that notice of such determination and that the city would apply to the Supreme Court, at a time and place specified, for the appointment of commissioners be published in a designated city newspaper. These resolutions were duly published in full. *Held*, that this was a sufficient publication of notice to meet the requirements of said act (§ 5).

Also *held*, that the provision of said act (§ 29) authorizing the sale of lands acquired under the act whenever the board of park commissioners shall determine that the same is unnecessary to be longer used for the purposes of the commission, was not in conflict with the constitutional provision respecting the taking of private property for public use.

(Argued January 30, 1893 ; decided February 28, 1893.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 4, 1892,

which affirmed an order of Special Term, appointing commissioners to condemn lands for public purposes, and an order confirming their report.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*John Desmond* for appellant.   A party may appeal from the order appointing commissioners and from the order confirming their report, although the act does not make provision for same.   (*In re City of Buffalo,* 17 N. Y. S. R. 371.)   The papers upon which this proceeding is founded do not show that the notice required by chapter 183 has been served or given as required by the statute.   (*Merritt* v. *Village of Portchester,* 71 N. Y. 309 ; *Stuart* v. *Palmer,* 74 id. 188 ; *In re Stonebridge,* 32 N. Y. S. R. 1070 ; *Comrs. of Pilots* v. *Vanderbilt,* 31 N. Y. 265 ; *Rathbun* v. *Acker,* 18 Barb. 393.)   If this proceeding can be maintained private property may be obtained for private purposes.   An act of the legislature which permits the taking of the private property of one individual, without his consent and giving it to another, is unconstitutional and void. (*Embury* v. *Connor,* 3 N. Y. 511 ; *In re Albany St.,* 11 Wend. 149, 151 ; *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473 ; *In re D. C. Assn.,* 66 id. 569 ; *In re John & Cherry Sts.,* 19 Wend. 659 ; *Taylor* v. *Porter,* 4 Hill, 140 ; *Varick* v. *Smith,* 5 Paige, 137, 159, 160 ; *Cothrane* v. *Van Surley,* 20 Wend. 365 ; *Wilkinson* v. *Leland,* 2 Pet. [U. S.] 658.)   Section 8 of the act provides that the commissioners shall receive legal evidence as to the compensation to be paid for lands taken.   The clear implication of the section is that illegal evidence shall not be received.   (*Embury* v. *Connor,* 3 N. Y. 516.)   All the testimony relating to other clay beds in other places at various distances from Rochester, was incompetent.   It was not necessary to repeat the objection to the same class of testimony.   (*Dilleber* v. *H. L. Ins. Co.,* 69 N. Y. 256.)   If any of the lands in question were more valuable for a public park than for any other purpose, their value for that purpose should have been awarded.   (*Boom*

*Co.* v. *Paterson*, 98 U. S. 403–410; *In re Furman St.*, 17 Wend. 669; *Goodwin* v. *C. & W. C. Co.*, 18 Ohio St. 169; *Young* v. *Harrison*, 17 Ga. 30.) Courts will interfere with the award of commissioners where it is clear that they have misconceived the facts and erred in their estimate, or have adopted some erroneous principles of estimate. (*Sayre* v. *State*, 123 N. Y. 291.)

*Edward Harris* for respondents. The statute does not require the service of notice for the appointment of commissioners to be made on the landowner. (Lewis on Em. Domain, § 367; *Popp* v. *Comrs.*, 19 Ohio, 173, 182; *Owners, etc.*, v. *Mayor, etc.*, 15 Wend. 374; *Matter of U. E. R. R. Co.*, 112 N. Y. 61, 73, 77.) The claim that the resolution and notice contained therein was not signed, is untenable. (*Dougherty* v. *Brown*, 91 Mo. 26; *Williams* v. *Mitchell*, 49 Wis. 289; *People* v. *Carpenter*, 24 N. Y. 86.) The appellant cannot successfully attack these proceedings by reason of section 29 of the act which authorizes the park commissioners to sell any land which they shall determine to be no longer necessary for park purposes. (Laws of 1869, chap. 161; Laws of 1875, chap. 569; Laws of 1884, chap. 173; Lewis on Em. Domain, § 596.) Exceptions as to the amount of compensation awarded for his land are untenable. (*T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169, 171; *In re Coston Road*, 27 Hun, 409; *In re N. Y., L. & W. R. R. Co.*, 27 Hun, 116.) There is no pretense that the commissioners adopted any erroneous principle in arriving at the award made by them, and in such a case technical errors or erroneous rulings in the admission of evidence will not avail to set aside the award. (*In re B. & G. R. R. Co.*, 37 N. Y. S. R. 343; *In re Newton*, 45 id. 18; *In re S. C., etc., R. R. Co.*, 45 id. 66.)

O'BRIEN, J. The city of Rochester is empowered by chapter 193 of the Laws of 1888, to acquire lands, by condemnation proceedings, for use as a public park. The Supreme Court made an order appointing commissioners to condemn the lands, and subsequently another order confirming their report. The

appellant, a property owner interested in some of the lands so taken, appealed to the General Term from both orders, which were there affirmed, and he now appeals to this court. The principal contention of the appellant at the General Term was that the compensation awarded to him for his lands taken was inadequate; and upon this question, the court, with power to examine all the evidence, held against him and, we think, properly. No erroneous principle of estimating the damages was adopted, nor was any ruling made, or testimony admitted, that was prejudicial to him. In this court there are but two questions presented that are necessary to be noticed.

First. That the notice required by the statute was not given. The city authorities caused to be published in the manner, and for the period of time required by the statute, a preamble and resolutions passed by the common council, in which it is recited that a map of the lands proposed to be taken, and copy thereof, had been duly made, certified and filed, as required by law; that a resolution of the common council, declaring the intention of the city to take the pieces of land described therein, had been duly passed, and notice of such intention given, as required by the statute; that the city hereby declares that it has determined to take and appropriate the several lots, parcels and plots of land therein particularly described, and which have been selected by the park commissioners, as desirable for a public park. That notice of such determination be published in a newspaper of the city, which was named and designated for that purpose, and that the city would apply to the Supreme Court, at a time and place named, for the appointment of commissioners to ascertain and report the just compensation to be paid to the owners or persons interested in the lands described. The resolution in full was duly published. It is urged by the appellant that this was not a notice, as it was not entitled in the court where the proceedings were to be instituted, or directed to the person or persons to be affected, or signed by the party giving it, or his agent or attorney. The fifth section of the act requires *notice* of the determination to be published; the form of the notice is not prescribed. Its

object was to inform the property owners and the public that it had been determined to take lands described, and that an application for the appointment of commissioners would be made at a time and place where all parties interested could be heard. The publication of the resolutions of the common council in full answered every requirement of the statute, as they contained all the facts necessary to give the required information, and this was a sufficient notice.

Second. The 29th section of the act provides that all other lands acquired by the city under its provisions may be sold at public auction whenever the Board of Park Commissioners shall determine that the same, or any parcel thereof, is unnecessary to be longer used for the purpose of the commission. It is claimed that this provision is in conflict with the provisions of the Constitution respecting the taking of private property for public use, as it in fact authorizes the city to take it for a purpose not public. We think the objection is without merit or substance. Of course, the city could not take private property for the purpose of selling it or dealing in it; but having once acquired it for a park, and it becoming, in the course of time, unnecessary or useless for that purpose, by the growth of the city or other changes in the situation, a sale in the manner prescribed by the statute would be within the legitimate functions of the city as a municipal corporation, and power to that end, conferred by the legislature at any time, or in the act authorizing the taking, cannot invalidate the delegated right to exercise the power of eminent domain.

The order should be affirmed, with costs.

All concur.

Order affirmed.