## J. T. HORNEY v. K. A. PRICE.

(Filed 3 June, 1925.)

**1. Contracts—Principal and Agent—Lands—Sales—Breach.**

Where the owner of land has made a contract of sale thereof at auction with an agent, he may not avoid damages for a breach thereof in refusing to convey the same to the highest bidder at the sale upon the ground that he had so contracted with another as to render his performance impossible.

**2. Lis Pendens—Statutes—Liens—Judgments.**

A *lis pendens* filed under the provisions of our statute is notice from the time of its cross-indexing, but cannot create a lien on lands in an action for a money demand. C. S., 500, 501, 502, 503.

**3. Same—Real Estate—Words and Phrases.**

The intent of our statute, C. S., 501, 502, in the use of the words "real property" is in the sense of "lands, tenements and hereditaments."

**4. Appeal and Error—Parties—Interest.**

Where one claiming an interest in the subject-matter of the litigation has had his motion to be permitted to make himself a party refused in the Superior Court, his exception becomes immaterial in the Supreme Court on appeal, when it is adjudicated that under the facts of the case he could have neither acquired nor lost any right therein.

APPEAL by defendant and petitioner, George R. Wooten, from *Harding, J.*, at September Term, 1924, of CATAWBA.

Plaintiff instituted this suit against defendant to recover the sum of $1,000, due him under a contract for advertising and selling certain land of defendant at public auction to the highest bidder, located in Hickory and known as defendant's "home place," and formerly the old Presbyterian Manse. Dr. P. D. Pence was made a party to the contract, but never signed it. At the sale, George R. Wooten became the last and highest bidder in the sum of $13,300. Defendant declined to execute a deed to Wooten. The contract provided that the land was to be sold on or before 30 November, 1922, at public auction. It was sold on 30 November, 1922. The next day Price wrote Horney a letter refusing to confirm the Wooten bid and stated in the letter that he had written and wired Doctor Pence to the same effect. In this letter he says: "I had an agreement with Doctor Pence not to take less than $15,000 for the property. . . . I have so notified Wooten, but he seems to think that I did confirm the sale regardless of what agreement I had with Doctor Pence."

On 16 October, 1922, K. A. Price and Dr. P. D. Pence entered into an option for the consideration of $50, under seal, to terminate in 90 days, on the same land—defendant's "home place"—"provided no sale

has been made in the interim to nullify same. K. A. Price to coöperate with P. D. Pence in executing a satisfactory contract with some land agent to sell at auction, or privately (the sale to be advertised under P. D. Pence's name) part or all of this property on or before 30 November, 1922. P. D. Pence to pay K. A. Price $15,000 for the property, together with 50% commission on the money in excess, over and above, said stipulated sum of $15,000, after all expenses in said auction sale have been deducted from such excess funds. P. D. Pence to have 30 days from date of auction sale in which to make full and satisfactory settlement to K. A. Price."

The contract between K. A. Price and Dr. P. D. Pence was made 16 October, 1922, and between plaintiff, J. T. Horney, and defendant, K. A. Price, 30 October, 1922.

On 18 April, 1921, the defendant, K. A. Price, made and executed to Dr. P. D. Pence a note for $3,400, secured by a mortgage on the land, his "home place," which on 20 March, 1923, was duly recorded in the office of the register of deeds of Catawba County, in Book 167, p. 71.

This action was commenced 6 March, 1923, and summons served on defendant 8 March, 1923.

Soon after the institution of this action, Dr. P. D. Pence instituted an action in the Superior Court of Catawba County, N. C., for the foreclosure of his mortgage. A commissioner was appointed, and George R. Wooten became the purchaser, being the last and highest bidder at public auction, for the sum of $15,000, and deed in fee simple by commissioner made to him in August, 1924, which deed has been duly recorded. In July, 1923, a judgment of about $7,350 and interest and cost was rendered against K. A. Price, the defendant in this suit, in an action entitled H. M. Price v. K. A. Price, said judgment was duly docketed and indexed in the office of the clerk of the Superior Court of Catawba County.

For a valuable consideration George R. Wooten purchased this judgment. The purchase price at the commissioner's sale was $15,000, this price was paid in cash and by the payment of prior liens on the property the said commissioner being authorized to enter a proper credit upon the said judgment rendered in the action of H. M. Price v. K. A. Price, before mentioned. J. T. Horney, the plaintiff in this cause, in May, 1923, filed in the office of the clerk of the Superior Court of Catawba County, a *lis pendens* notice, covering the land in controversy, defendant's "home place" and embraced in Dr. P. D. Pence's mortgage. The notice of *lis pendens* was cross-indexed upon the judgment cross-index book in May, 1924.

In plaintiff's complaint, the prayer is as follows: "Wherefore, plaintiff prays judgment for the sum of $1,000 with interest thereon from

30 November, 1922; for cost of action; and for such other and further relief as of right he may demand."

The court charged the jury: "The court charges you, gentlemen of the jury, if you believe the evidence to be true, all of the evidence, if you find it to be true, then the plaintiff is entitled to recover one thousand dollars less the bills of Prevette and the Hickory Daily Record."

The jury answered the issue "$1,000 with interest at 6% from 30 November, 1922, less bill of Hickory Daily Record for $25.00, and Prevette of $6.00."

The following judgment was rendered by the court below:

"It is therefore considered, ordered and adjudged that plaintiff recover of the defendant the sum of $969.00, together with interest on $969.00 from 30 November, 1922.

"It appearing to the court that on 22 March, 1923, the plaintiff filed his *lis pendens* on the lands mentioned in the complaint, and that plaintiff has complied with the statute in filing such *lis pendens*. It is therefore considered, ordered and adjudged, that this judgment is a lien on the lands mentioned and described in the complaint; this being the same land upon which the *lis pendens* above referred to has been filed; and that execution shall issue against said lands;

"It is therefore considered, ordered and adjudged that plaintiff recover of defendant his cost in this suit, the same to be taxed by the clerk of this court."

After the judgment was signed and entries of appeal therefrom by defendant to the Supreme Court, George R. Wooten, before adjournment of the court, made a motion to become a party defendant, the *lis pendens* affecting the title to the property he purchased at the commissioner's sale. Wooten was a witness for plaintiff in the present suit. Defendant and Wooten both made exceptions and assignments of error and appealed to the Supreme Court. The material ones, and further necessary facts, will be considered in the opinion. Some of the facts are taken from those in the Wooten motion, this was done to show consecutive transactions, but the opinion is based on record evidence of plaintiff. Defendant offered no evidence.

*A. A. Whitener for plaintiff.*
*Self & Bagby for George R. Wooten, petitioner.*
*E. B. Cline for K. A. Price.*

CLARKSON, J. The defendant, K. A. Price, in his brief abandons most of his assignments of error. The defendant's assignment of error which relates to the refusal of the court below to give the special in-

struction asked, addressed itself to the failure of Dr. P. D. Pence to confirm the sale. This contention is based on the option given by Price to Doctor Pence. This 90-day option was dated 16 October, 1922. Doctor Pence had a mortgage on the land, and the terms of the option were that Price was to coöperate with Doctor Pence in executing a satisfactory contract with some land agent to sell at auction or privately the land, the sale to take place on or before 30 November, 1922. Price's agreement with Doctor Pence was not to take less than $15,000 for the property. After this option of 16 October, 1922, on 30 October, 1922, Price made the contract with plaintiff. Doctor Pence was made a party to this contract, but never signed it.

It nowhere appears in the record that Doctor Pence ever exercised or claimed his rights under the option. The entire evidence shows that defendant made option contracts, both with plaintiff and Doctor Pence. The fact that he could not carry out the contract made with plaintiff, because he had tied up his property with Doctor Pence, is no fault of plaintiff. If he put himself in a position so that he could not perform his contract, he could not take advantage of his own wrong. *"Nemo ex proprio dolo consequitur actionem.* No one maintains an action arising out of his own wrong." Broom Max., 287. The matter is clearly discussed by *Varser, J.,* in the recent case of *Samonds v. Cloninger, ante,* 610.

In fact, Doctor Pence never asserted any rights under the option and brought a suit to foreclose his mortgage. The evidence shows that plaintiff complied with his contract. On the entire record the charge of the court was correct.

Defendant says: "Exception 16 (12th assignment of error) is of the highest importance. The court signed the judgment tendered by plaintiff and set out in the record granting a recovery of the amount of $969.00 with interest and cost, and declaring it to be 'a lien on the lands mentioned and described in the complaint,' and ordering execution to issue 'against said lands.' The defendant protested this judgment, especially the *lis pendens* clause."

We think there was no error in the judgment allowing a recovery for the amount found by the jury to be due, but there was error in the judgment in holding that plaintiff had a valid *lis pendens* on the land and plaintiff's judgment was a lien on the land and execution could issue on the land. There is no statute in this State giving a lien to the plaintiff, an auctioneer or realtor on land he sells, and there is nothing in the contract giving a lien. We can find no authority to sustain plaintiff's contention that he has a lien—he cites none in his brief. Plaintiff, auctioneer, has no more lien on the land of the party he contracts with to sell land, unless it gives a lien, than a grocer who sells

his groceries, a doctor or lawyer who renders professional services, or any person who brings an action to recover a money judgment.

The statutes now in force—Civil Procedure, Art. II, *Lis Pendens*—are as follows:

C. S., 500. "In an action affecting the title to real property, the plaintiff, at or any time after the time of filing the complaint or when or any time after a warrant of attachment is issued, or a defendant when he sets up an affirmative cause of action in his answer and demands substantive relief, at or any time after the time of filing his answer, if it is intended to affect real estate, may file with the clerk of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the property in that county affected thereby."

C. S., 501. "Any party to an action desiring to claim the benefit of a notice of *lis pendens,* whether given formally under this article or in the pleadings filed in the case shall cause such notice to be cross-indexed by the clerk of the Superior Court in a docket to be kept by him, to be called Record of Lis Pendens, which index shall contain the names of the parties to the action, where such notice (whether formal or in the pleadings) is filed, the object of the action, the date of indexing, and sufficient description of the land to be affected to enable any person to locate said lands. The clerk shall be entitled to a fee of twenty-five cents for indexing said notice, to be paid as are other costs in the pending action."

C. S., 502. "From the cross-indexing of the notice of *lis pendens* only is the pendency of the action constructive notice to a purchaser or incumbrancer of the property affected thereby; and every person whose conveyance or incumbrance is subsequently executed or subsequently registered is a subsequent purchaser or incumbrancer, and is bound by all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action. For the purposes of this section an action is pending from the time of cross-indexing the notice."

C. S., 503. "The notice of *lis pendens* is of no avail unless it is followed by the first publication of notice of the summons or by an order therefor, or by the personal service on the defendant within sixty days after the cross-indexing."

In 1903 (Public Laws, ch. 472), section 229 of The Code was amended and C. S., 501 and 502 were substantially enacted for Buncombe County. In 1919 (Public Laws, ch. 31), the Buncombe amendment (substantially C. S., 501-2, *supra*) was made applicable to the entire State. The Buncombe provision is section 464, Revisal of 1905. This *lis pendens* statute applies to "an action affecting the title to real property."

"*Real Estate* consists of lands, tenements and hereditaments. Land means the ground and the air above it and all that is below the surface of the earth and all that is erected on it," etc.   .   .   .

"*Real Property* when used in a statute is coextensive with 'lands, tenements and hereditaments.' " I Mordecai's Law Lectures, (2 ed.), p. 461.

"Title is the means whereby the owner of lands has the just possession of his property. Co. Litt., 345; 2 Bl. Com., 195." Black's Law Dic., p. 1157.

The suit of plaintiff is to recover a money judgment and is in no way "an action affecting the title to real property."

The rule of *lis pendens* is well stated in 25 Cyc., p. 1454 III A: "The rule of *lis pendens* applies to actions at law as well as to equity suits. It does not apply to an action merely seeking to recover a money judgment, nor to any other action which does not directly affect property. It applies at common law to all suits or actions which directly affect real property, such as an action to enforce a trust in land, or to set aside a deed or mortgage, or to redeem from a foreclosure sale, or for specific performance, or to charge the separate estate of a married woman with the payment of a debt, or relating to the sale of real estate of decedents, or an action by heirs to set aside the probate of a will devising land, or an action to declare a deed absolute in form a mortgage. So unlawful detainer suits are *lis pendens,* as are replevin suits." 17 R. C. L., 1019.

"The doctrine is thus stated in Am. and Eng. Ency. Law (2 ed.) Vol. 21, p. 630: 'As a general rule an action or suit brought solely for the recovery of a money judgment or for other relief not directly affecting property will not constitute *lis pendens;* and, in the absence of fraud or collusion between the parties thereto, alienations are valid until the property is affixed with a judgment or execution lien, or taken into custody by an attachment, receivership or other auxiliary proceeding.' " *Moragne v. Doe,* 143 Ala., p. 459.

From the view we take of this case, we do not think it necessary to consider the appeal of petitioner, George R. Wooten. Plaintiff has no lien on the land purchased by Wooten at the commissioner's sale. The fact that the court refused to allow Wooten to become a party defendant, in the language of the poet "The subsequent proceedings interested him no more."

Judgment against K. A. Price, in accordance with this opinion, is Modified and affirmed.

Appeal by George R. Wooten, is dismissed.