## O. W. JARRETT v. KERMIT FLETCHER HOLLAND.

(Filed 13 April, 1938.)

**1. Lis Pendens § 5—**

> A party purchasing property, the title to which is involved in a pending suit, of which he has actual or presumptive notice is bound by the judgment as much as the party to the action from whom he bought.

**2. Lis Pendens § 1—**

> When an action involving title to realty is instituted in the county in which the land lies, the action itself is notice, and no notice under C. S.,

JARRETT *v.* HOLLAND.

500, is required, but mere description of the land in the complaint is insufficient, it being necessary that its allegations show that title to the land is involved.

3. **Mortgages §§ 2, 12—Mortgagee has prior lien to that of judgment against mortgagor for purchase price in absence of notice of lis pendens.**

There is no lien for purchase money in North Carolina, and while the judgment debtor cannot claim homestead as against a judgment for purchase money (N. C. Constitution, Art. X, sec. 2), the lien of a mortgage executed to a third person has priority over the judgment lien, when the mortgage is executed prior to the rendition of the judgment and prior to an amendment putting the title to the property in issue.

4. **Lis Pendens § 1—Action for recovery of purchase money held not to involve title so as to constitute notice of lis pendens.**

This action was instituted in the county in which the land lies to recover balance of the purchase price, the property being described in the complaint. Defendant mortgaged the property to a third person after the institution of the action, but prior to the amendment of the complaint alleging that defendant had agreed to give plaintiff a purchase money mortgage. *Held:* The action, prior to the amendment, did not involve title to the realty, but was for a money recovery only, and the action did not constitute *lis pendens*, and plaintiff, upon recovery of judgment, was not entitled to judgment that the land be sold free from the lien of the mortgage, plaintiff's sole remedy to attack the mortgage being by independent action.

APPEAL by plaintiff from *Rousseau, J.,* at February Term, 1938, of CATAWBA. Affirmed.

This is a civil action in which the court below denied a motion made by the plaintiff, after judgment, for a supplemental order directing the commissioner appointed to sell the lands described in the complaint free and clear of the encumbrance created by a mortgage from the defendant to Mrs. Cordie Holland, executed and recorded prior to the rendition of the judgment.

The complaint alleges that on 16 November, 1935, plaintiff sold to defendant a certain tract of land described in the complaint for the sum of $485.00; that at the time plaintiff delivered deed for said premises to the defendant, the defendant stated that he did not have the full purchase money. It was then agreed that the defendant should pay $140.00 and should pay the balance of $345.00 within one year thereafter; that the plaintiff, relying upon the defendant's promise to pay the balance of the purchase money within one year, delivered deed to the defendant, and that the defendant has failed and refused to pay said amount now due. The complaint contains a prayer for judgment for the amount of the debt and for a decree declaring said judgment a lien upon the lands described in said deed.

At the time of the trial the plaintiff was permitted to file an amended complaint setting up an agreement by defendant to give a purchase money mortgage on the real estate as an additional allegation to the original complaint. At the December Term, 1937, issues were submitted to and answered by the jury as follows:

"1. Did the defendant, at the time of the execution of the deed, or prior thereto, agree with the plaintiff to execute a purchase money mortgage? Answer: 'Yes.'

"2. How long after 16 November, 1935, was the defendant to have to pay the balance of the purchase money? Answer: 'One year.' "

Thereupon the court rendered judgment for the debt and decreed that said judgment was a specific lien upon the lands described in the complaint. A commissioner was appointed to sell the land for the satisfaction of said judgment.

Prior to the rendition of said judgment the defendant executed and delivered to Mrs. Cordie Holland, his mother, a mortgage upon said premises to secure the payment of $1,200, which amount exceeds the value of the land. This mortgage was recorded prior to the rendition of the judgment in the pending cause, but approximately seven months subsequent to the institution of the action.

On 16 February, 1938, plaintiff filed a motion setting out the facts and moving the court that a supplemental judgment or order be issued allowing the commissioner to sell the lands under the prior order, free and clear of the encumbrance of the purported mortgage to Mrs. Cordie Holland. The court below denied the motion of the plaintiff and the plaintiff appealed.

*G. A. Warlick, Jr., for plaintiff, appellant.*
*Louis A. Whitener for defendant, appellee.*

PER CURIAM. When a person acquires an interest in property pending an action of which he has notice, actual or presumed, in which the title to the land is in issue, from one of the parties to the action, he is bound by the judgment in the action just as the party from whom he bought would have been. The rule is considered absolutely necessary to give effect to the judgments of courts, because if it were not so held a party could always defeat the judgment by conveying in anticipation of it to some stranger, and the plaintiff would be compelled to commence a new action against him. *Rollins v. Henry,* 78 N. C., 342.

It is likewise true that where the action is instituted in the county in which the land is situate the action itself is notice to those who seek to deal with the property described in the complaint and no notice of *lis*

*pendens,* under C. S., 500, is required, except the procedure now provided by C. S., 501. *Collingwood v. Brown,* 106 N. C., 362; *Arrington v. Arrington,* 114 N. C., 151; *Rollins v. Henry, supra.* See *Horney v. Price,* 189 N. C., 820.

However, to entitle a litigant to the protection of the *lis pendens* doctrine the suit or action must in some way involve the title to the real estate. The mere description of a tract of land in a complaint in which only a judgment for debt is sought does not give the action the force and effect of a *lis pendens* unless the allegations in the complaint involve the title to lands. Thus it was held in *Threlkeld v. Land Co.,* 198 N. C., 186, that where a mortgagee of lands brings an action to recover on the note secured by the mortgage, and to set aside a deed of the mortgagor but not to foreclose the mortgage, the action is not one affecting the title of land within the meaning of C. S., 500, and the judgment of the lower court canceling and removing the notice of *lis pendens* from the records was affirmed. In *Horney v. Price,* 189 N. C., 820, it was held that an action to recover damages for the breach of an option contract is not an action affecting the title to realty within C. S., 500, and the filing of notice in such case will not affect a purchaser pending that action.

There is no lien for purchase money in North Carolina. *Lumber Co. v. Lumber Co.,* 150 N. C., 282; *Womble v. Battle,* 38 N. C., 182. The mere fact that the complaint alleges that the amount due by the defendant to the plaintiff is the balance of the purchase money for the lands described in the complaint does not convert the action into one involving the title to real estate. It remains simply an action for judgment upon a debt.

While a judgment debtor cannot claim a homestead as against a judgment for purchase money (N. C. Const., Art. X, sec. 2), this does not affect the rights of the mortgagee who acquired an interest in the property prior to the rendition of the judgment, nor can it be said that the pendency of the action at the time Mrs. Holland accepted a mortgage upon the premises gives the plaintiffs any priority. As the action did not involve title to real estate it did not constitute such notice to Mrs. Holland as would bind her and subordinate her lien to the judgment procured by the plaintiff. Up until the very day of the trial there was no suggestion in the pleadings that the defendant had agreed to give a purchase-money mortgage or that the plaintiff was seeking to have it so declared.

Whatever attack the plaintiff may wish to make upon the mortgage accepted by Mrs. Holland must be made in a separate and independent action. Her mortgage was recorded prior to the rendition of judgment in favor of the plaintiff. However binding the judgment may be in

CARPENTER, SOLICITOR, v. BOYLES.

creating a specific lien upon the land described in the complaint, *inter partes,* it creates no lien upon said property in favor of the plaintiff prior to that procured by Mrs. Holland under the mortgage which was executed and recorded before the entry of the judgment.

The court below properly denied plaintiff's motion for an order directing the commissioner to sell the land free and clear of the mortgage held by Mrs. Holland upon the assumption that said judgment was a prior lien.

Affirmed.