(No. 26484.—

THE SANITARY DISTRICT OF CHICAGO, Appellee, *vs.* EDWIN H. MANASSE, Appellant.

*Opinion filed June 11, 1942.*

JOSEPH P. LOEWY, for appellant.

ERNST BUEHLER, (EDWARD A. McCARTHY, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellee, The Sanitary District of Chicago, is a municipal corporation organized under "An act to create Sani-

tary Districts and to remove obstructions in the Des Plaines and Illinois Rivers," approved May 29, 1889. Ill. Rev. Stat. 1941, chap. 42, par. 320.

By an order entered in eminent domain proceedings brought by appellee in the superior court of Cook county, on January 21, 1912, it acquired the land the title to which is involved in this suit. That order purports to give to appellee the right to "enter upon and take possession of and to take, use, have and enjoy the fee of" the land involved. It paid the amount of the award and took possession of the land on January 14, 1914. The petition in the eminent domain proceedings alleged that this particular tract of land was necessary for the use of appellee "for the purpose of constructing and maintaining a channel and for all other corporate purposes." The order recited that the compensation awarded would fully compensate the owner "for the taking of said fee simple title of said real estate for the corporate purposes of petitioner and for all other lawful purposes."

On January 22, 1937, appellee advertised the tract of land in question for bids for sale in fee simple, free and clear of all encumbrances. In response to this ad, appellant delivered his bid in writing. The bid was accepted. In compliance with the notice of sale, he deposited with his bid, $15, that being 25 per cent of the amount of his bid. Thereafter, appellee tendered to appellant its warranty deed purporting to convey to him the fee simple title to said real estate. Appellant refused to accept the deed or to pay the balance of the purchase price. His refusal was based on the ground that appellee did not have fee simple title to the property. His contention is that by the decree in the eminent domain proceedings, appellee acquired only an easement in the land. Thereupon, appellee brought this suit in the circuit court of Cook county to enforce the specific performance of the contract. Appellant answered the complaint and, among other things, alleged

that appellee did not have fee simple title to the real estate; that section 8 of the Sanitary District act above referred to purporting to confer on appellee the right to acquire fee simple title to real estate by eminent domain, violates section 13 of article 2 of the constitution. He asked for judgment against appellee for the portion of the purchase price which he deposited with his bid, on the grounds that appellee was unable to comply with the contract and convey fee simple title to the property.

The case was heard upon the facts stated in the complaint and answer. The circuit court entered a decree in which it was adjudged that appellant, upon tender and delivery to him of the deed mentioned in the complaint, pay to appellee the sum of $45. Execution was awarded against appellant for that amount, together with costs. Appellant has perfected an appeal direct to this court on the ground that there is involved in the case a freehold and also the question of the constitutionality of the section of the statute above referred to.

Appellee contends that it acquired and holds fee simple title to all the lands so acquired. It further contends that when any of such lands are no longer necessary or needed for its corporate purposes, it may sell the same and convey fee simple title thereto. On the other hand, appellant contends that appellee acquired only an easement for right of way for the construction and maintenance of its drainage ditch or channel; that it has no right to sell and convey such land, and that when it becomes no longer necessary or needed for the purposes for which the same was acquired, the land reverts to the owner at the time the eminent domain proceedings were instituted, or his grantees.

Appellee's contention that it acquired and holds fee simple title to the property in question is based upon sections 8 and 16 of the act under which it is organized. Section 8 provides "Such sanitary district may acquire by purchase, condemnation or otherwise, any and all real and personal

property, right-of-way and privilege either within or without its corporate limits, that may be required for its corporate purposes; * * * and when not longer required for such corporate purposes, any such sanitary district may sell, vacate, release, lease or otherwise convey any and all such real and personal property, right-of-way and privilege," with certain exceptions not here material. Ill. Rev. Stat. 1941, chap. 42, par. 327.

Section 16 of the act, in so far as here material, provides, "Whenever the board of trustees of any sanitary district shall pass an ordinance for the making of any improvement which such district is authorized to make, the making of which will require that private property should be taken or damaged, such district may cause compensation therefor to be ascertained, and condemn and acquire *possession* thereof in the same manner as nearly as may be as is provided in an act entitled 'An act to provide for the exercise of the right of eminent domain.' " Ill. Rev. Stat. 1941, chap. 42, par. 336.

It is recognized by all authorities, that the right of eminent domain is a right inherent in all sovereignties. It is defined as the right of the Nation or the State, or of those to whom the power has been lawfully delegated to condemn private property for public use, and to appropriate the ownership or possession of such property for such use, upon paying the owner just compensation, to be ascertained according to law. (*Western Union Telegraph Co.* v. *Louisville and Nashville Railroad Co.* 270 Ill. 399.) The right of eminent domain is an inherent attribute of sovereignty existing independently of written constitutions or statutory laws, although it is regulated by appropriate legislation. It is the power of the sovereign to appropriate private property for public use, limited only by the constitutional guaranty for just compensation. (*South Park Comrs.* v. *Ward & Co.* 248 Ill. 299.) The only constitutional limitations in this State on the power of eminent

domain are found in section 13 of article 2 of the constitution. These limitations only go to the extent of prohibiting the taking of private property without just compensation. The right is further restricted as to land taken for railroad tracks. As to such land it is there expressly provided that the fee of the land taken shall remain in the owner, subject to the use for which it is taken. There is no limitation or restriction on the right of the State, either to take land itself or to authorize municipalities to do so, except that it shall never be taken for any use other than a public use, and in no event, without just compensation. This leaves the legislature free to determine the extent of the interest in the land which the State itself may take, or which it may authorize municipalities to take, by eminent domain, for public purposes. (*In re Robinson*, 136 N. Y. 83, 33 N. E. 320; *Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 234, 6 Am. Rep. 70; *Higginson* v. *Slattery*, 212 *Mass*, 583, 99 N. E. 523; *Flagg* v. *Town of Concord*, 222 Mass. 569, 111 N. E. 369; *Foust* v. *Dreutlein*, 237 Penn. 108, 85 Atl. 68.

The question here is, did the legislature by the provisions of the said Sanitary District act confer upon appellee the power to take fee simple title to the property by eminent domain. The statute provides the sanitary district "may acquire by \* \* \* condemnation or otherwise, any and all real \* \* \* property, right-of-way and privilege, \* \* \* and when not longer required for such corporate purposes, \* \* \* may sell, vacate, release, lease or otherwise convey any and all such real \* \* \* property," etc. The authority is not confined to acquiring an easement such as a right of way, but includes any real property or all real property. Real property is defined as including all interest held or claimed in lands in fee, for life or for years. (*Cottingham* v. *Springer*, 88 Ill. 90; *Brandies* v. *Cochrane*, 112 U. S. 344, 28 L. ed. 760; *Floyd* v. *Carow*, 88 N. Y. 560; *Murphy* v. *Superior Court*, 138

Cal. 69, 70 Pac. 1070; *Horney* v. *Price,* 189 N. C. 820, 128 S. E. 321.) The term real property is coextensive with lands, tenements and hereditaments, and includes any interest in land. (*Martinovich* v. *Mariscano,* 137 Cal. 354, 70 Pac. 459; *Ralston Steel Car Co.* v. *Ralston,* 112 Ohio St. 306, 147 N. E. 513; *Fretwell* v. *McLemore,* 52 Ala. 124.) From the language used authority was granted the sanitary district by section 8 to acquire any interest in real estate that it deemed necessary and proper for its corporate purpose, and the judgment of the court in fixing the just compensation at the time it was acquired found that the compensation was for the full fee simple interest in the property. The right of such sanitary district to acquire the fee simple title, while not directly passed upon, has been recognized by this court in *Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *Sanitary District,* 218 Ill. 286; *Sanitary District* v. *Munger,* 264 id. 256, and *Sanitary District* v. *Murphy,* 261 id. 269.) It must be held therefore that the legislature authorized the sanitary district to acquire any interest in real estate, including a fee simple interest, for its corporate purposes.

It is said, however, that this authority is limited by section 16 of the act, in which the district is authorized to "condemn and acquire possession thereof in the same manner as nearly as may be as is provided in an Act entitled 'An act to provide for the exercise of the right of eminent domain.'" This does not limit the right to acquire the fee title in land, but only specifies the obtaining of possession shall be in the manner provided by the Eminent Domain act, which would require compensation be made within a reasonable time fixed by the court, and the payment thereof made before entering into possession of the land. And further, in case of abandonment of the proceeding the district would be liable for costs, expenses and reasonable attorney fees, as might be fixed by the court. (Ill. Rev. Stat. 1939, chap. 47, par. 10.) Section 16, *supra,* has

reference to procedure preliminary to obtaining possession and not to the title to be acquired by the district when such compensation is paid.

It is also contended by appellant that the constitution is violated by authorizing the sanitary district to sell or dispose of real estate it acquires in fee, because such taking would then no longer be for a public purpose. The statute under consideration refutes this contention, because it provides that "the proceeds of such sales shall be used only for the construction and equipment of sewage-disposal plants, pumping stations and intercepting sewers and appurtenances thereto, and the acquisition of sites and easements therefor." It is a well-known fact that the acquisition of property by a municipal corporation through eminent domain proceedings may contemplate the permanent and perpetual use for the purpose obtained, but change in circumstances and methods of use may render obsolete what was in the first instance modern and efficient. When these changes occur the municipality may meet them, and if necessary may dispose of property which it acquired in fee for such purpose, without destroying the public nature of the original acquisition.

The principle is well illustrated in *In re Robinson, supra,* where a statute authorized the sale by park commissioners of property which had become unnecessary for its use. It is there said: "It is claimed that this provision is in conflict with the provisions of the constitution respecting the taking of private property for public use, as it in fact authorizes the city to take it for a purpose not public. We think the objection is without merit or substance. Of course the city could not take private property for the purpose of selling it or dealing in it; but having once acquired it for a park, and it becoming, in the course of time, unnecessary or useless for that purpose, by the growth of the city or other changes in the situation, a sale in the manner prescribed by statute would be within the legitimate functions

of the city as a municipal corporation, and power to that end, conferred by the legislature at any time, or in the act authorizing the taking, cannot invalidate the delegated right to exercise the power of eminent domain." The provision for sale and use of the proceeds in the other corporate ways specified by the statute does not violate the constitution.

We are of the opinion the sanitary district acquired the fee simple title to the lot in question and had a right, upon compliance with the provisions of the statute, to sell and convey a like title. It necessarily follows the decree of the circuit court of Cook county was right, and it is accordingly affirmed.

*Decree affirmed.*