NINA C. RUDASILL v. CHARLES CABANISS, JR., AND WIFE, MARIE
CABANISS.

(Filed 28 March, 1945.)

**1. Husband and Wife § 11—**

Where a husband purchases land, in the absence of his wife, and takes
a deed to himself and wife as tenants by the entireties, giving the seller
his unsecured note for the entire purchase price, the wife is not a maker
of the note and cannot be held liable for its payment.

**2. Husband and Wife § 4a: Gifts § 1—**

The conveyance of an interest to the wife, the husband having paid or
agreed to pay the purchase money, is presumed to be a gift from the
husband to his wife.

**3. Equitable Lien § 1: Vendor and Purchaser § 21—**

. There is no lien for purchase money in North Carolina. A vendor can-
not reserve a lien unless he take his security in writing and have it
registered—in the shape of a mortgage or deed of trust.

APPEAL by plaintiff from *Armstrong, J.,* at November Term, 1944,
of CLEVELAND. Affirmed.

Civil action to recover balance due on an unsecured promissory note
executed by defendant Charlie Cabaniss, Jr.

On 3 December, 1923, T. P. Cabaniss, with the joinder of his wife,
conveyed to defendants as tenants by entirety a certain tract of land in
Cleveland County. Charlie Cabaniss, Jr., was the purchaser, and the
grantor accepted his promissory sealed note in the sum of $2,000 in
payment of the purchase price. The *feme* defendant was not present
at the bargain and sale, did not participate therein, and did not sign
the note. She was made one of the grantees at the request of her hus-
band.

On 6 January, 1937, the maker of the note executed a renewal note
for the balance then due in the sum of $1,000.

On 16 February, 1942, T. P. Cabaniss died testate. His personal
estate was insufficient to pay his debts. As a result plaintiff, one of
the devisees, to prevent a sale of the land, purchased the interest of the
other devisees therein, arranged with the executor to take an assignment
of all the personal property shown on the inventory and, in consideration
thereof, assumed all the indebtedness of the testator. The settlement was
approved by the clerk and the judge.

The assignment of the personal property, including the note of the
male defendant, having been executed, plaintiff on 23 November, 1942,
instituted this action to recover the balance due on the note.

Consent judgment has been entered against the male defendant. When the cause came on to be heard to determine the liability of the *feme* defendant the facts were stipulated, trial by jury was waived, and the cause was submitted to the judge on the facts agreed. The court below, being of the opinion that the *feme* defendant is not liable on said note, entered judgment dismissing the action as to her, at the cost of plaintiff. Plaintiff excepted and appealed.

*Falls & Falls for plaintiff, appellant.*
*Henry B. Edwards for defendants, appellees.*

BARNHILL, J. The male defendant purchased certain land and the grantor, at his request, made deed to the defendants as tenants by entirety. The grantor in turn accepted an open, unsecured note signed only by the husband in payment or as evidence of the unpaid purchase price. It is this obligation that has come into the possession of plaintiff. Upon it she bases her cause of action. She is bound by its terms. The *feme* defendant is not a maker and cannot be held liable for its payment.

Concede, as contended, that the note is conditional payment only and we have left an open, unsecured debt for the purchase price—a debt of the purchaser, Charlie Cabaniss, Jr, who, under the original contract, was the sole obligor.

The conveyance of an interest to the wife, the husband having paid or agreed to pay the purchase money, is presumed to be a gift from the husband to his wife. *Ricks v. Wilson,* 154 N. C., 282, 70 S. E., 476; *Flanner v. Butler,* 131 N. C., 151; *Trust Co. v. Black,* 198 N. C., 219, 151 S. E., 269; *Nelson v. Nelson,* 176 N. C., 191, 96 S. E., 986; *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 45.

Even so, plaintiff insists that the *feme* defendant received a part of the consideration and that simple equity requires that she pay, at least to the extent of the interest received. This contention is untenable.

Some jurisdictions, it is true, recognize and enforce an equitable lien for purchase money. But there is no lien for purchase money in North Carolina. *Womble v. Battle,* 38 N. C., 182; *Blevins v. Barker,* 75 N. C., 436; *White v. Jones,* 92 N. C., 388; *Lumber Co. v. Lumber Co.,* 150 N. C., 282, 63 S. E., 1045; *Jarrett v. Holland,* 213 N. C., 428, 196 S. E., 332.

"It is a natural equity that when a vendor sells his land, that he should have a lien upon it for the security of his purchase money . . . the law tenders it to him in the shape of a mortgage or deed of trust properly registered. If he do not choose to avail himself of it, it is his own fault . . ." *Womble v. Battle, supra.* A vendor cannot reserve a

lien unless he take his security in writing and have it registered. *Blevins v. Barker, supra.*

The judgment below is
Affirmed.