GEORGE K. CUTTER, JOHN H. CUTTER, III, AND GEORGE K. CUTTER, JR. v. CUTTER REALTY COMPANY, INC., A CORPORATION, J. H. CUTTER AND COMPANY, INC., A CORPORATION, E. C. GRIFFITH, W. R. CUTHBERTSON, COLONEL FRANCIS J. BEATTY, MARY ANNE DAVIS, J. B. BOSTICK, I. THEODORE LEADER, TRUSTEE FOR PRUDENTIAL REAL ESTATE TRUST.

(Filed 24 November, 1965.)

**1. Appeal and Error § 6—**

In an action by stockholders to prevent the corporation from conveying realty and to cancel a contract to convey, the question of whether plaintiffs are entitled to file *lis pendens* is not rendered moot by the joinder of the purchaser in the contract to convey, since the notice of *lis pendens* is not limited in its effect to such purchaser.

**2. Lis Pendens—**

*Lis pendens* is now statutory in this State, and there can be no valid notice of *lis pendens* except in actions of the types enumerated by the statute. G.S. 1-116(a).

**3. Same—**

An unauthorized notice of *lis pendens* may be cancelled upon motion prior to the hearing of the action on its merits. G.S. 1-120 is not applicable to cancellation of an unauthorized notice.

**4. Same—**

The purpose of *lis pendens* is to give notice of a claim which is contra or in derogation of the record.

**5. Same —**

An action by stockholders against the corporation and its subsidiary and the officers and directors thereof to restrain the subsidiary from conveying

land owned by it, to restrain the corporation from assuming the liabilities of the subsidiary, and to rescind a contract for the sale of the land by the subsidiary is not for the purpose of establishing a trust or lien upon realty nor an action "affecting title" within the purview of G.S. 1-116(a), and therefore order cancelling notice of *lis pendens* upon motion was properly entered.

APPEAL by plaintiffs from *Patton, E.J.,* 31 May 1965 Schedule "D" Non-Jury Civil Session of MECKLENBURG.

This is an appeal from an order cancelling and removing from the records of the office of the Clerk of the Superior Court of Mecklenburg County a notice of *lis pendens* filed by the plaintiffs in this action.

The plaintiffs are stockholders of J. H. Cutter & Company, Inc., hereinafter called Cutter & Company. The Cutter Realty Company, hereinafter called the Realty Company, is a wholly owned subsidiary of Cutter & Company.

Cutter & Company formerly owned a tract of land at the corner of East Fourth Street and South Tryon Street in the City of Charlotte. Desiring to construct thereon a multi-story office building, it sought the assistance of the North Carolina National Bank in financing the construction of the building. It caused the Realty Company to be formed as its wholly owned subsidiary and conveyed to the Realty Company the land in question.

The Realty Company then commenced the construction of the building, entering into financial arrangements with the bank. The building has never been entirely completed but is substantially so and practically all of it is, or is soon expected to be, occupied by tenants. For the year ending 31 July 1964, the Realty Company operated at a loss, having then fewer tenants and less rental income than at the time this action was brought.

In the construction of the building indebtedness totalling $4,250,-000 was incurred to the North Carolina National Bank, for which both Cutter & Company and the Realty Company became liable, and in addition the Realty Company incurred indebtedness totalling $750,000 to the general contractor and other creditors, some of whom claimed liens upon the building. All of these debts became due and the two companies were without sufficient funds to pay them. Temporary financing was obtained with which to pay creditors other than the North Carolina National Bank. Permanent financing of the building was not obtained.

A contract for the sale of the building to Prudential Real Estate Trust, hereinafter called Prudential, for $5,300,000 was negotiated and approved by the directors and the stockholders of Cutter & Com-

pany and of the Realty Company, the plaintiffs, who are stock-holders of Cutter & Company, being the only shareholders who are opposed to such sale. The contemplated closing date for the proposed sale was 15 June 1965. Immediately upon learning of the proposed sale, the plaintiffs notified Prudential, the North Carolina National Bank, and the officers and directors of both Cutter & Company and the Realty Company of their objection thereto.

On 26 May 1965 the plaintiffs instituted this action, causing summons to be issued, and contemporaneously applied for and obtained from the Clerk an extension of time within which to file their complaint. At the same time the plaintiffs caused to be filed in the office of the Clerk of the Superior Court of Mecklenburg County a notice of *lis pendens* describing the land in question. In their application for an extension of time in which to file their complaint, and in the notice of *lis pendens,* the plaintiffs state the nature and purpose of their action as follows:

"The nature and purpose of the action is the stockholders of J. H. Cutter and Co., Inc., derivative action to restrain execution by the officers and directors of Cutter Realty Co., Inc. (a wholly owned subsidiary of J. H. Cutter and Co., Inc.) of a deed for the Cutter Building and land, 201 S. Tryon Street, Charlotte, North Carolina, (now called American Building) to Prudential Real Estate Trust (or a corporation to be formed by said Prudential Real Estate Trust) ; restrain the assumption on the part of J. H. Cutter and Co., Inc. of liabilities of Cutter Realty Co., Inc.; and rescind contract executed by officers of Cutter Realty Co., Inc. for sale of said land and building to Prudential Real Estate Trust."

On 3 June 1965 the defendants filed their motion to cancel and remove from the records the notice of *lis pendens,* to which motion the plaintiffs filed their verified answer.

On 10 June 1965 the motion was heard and the order from which this appeal is taken was entered. The order contains no findings of fact. It recites merely that it appeared to the court from an examination of the entire record that the said motion to cancel the *lis pendens* filed by the plaintiffs should be allowed, and orders that the notice of *lis pendens* be cancelled and removed from the records and that the Clerk make such entry upon the *lis pendens* book and indexes.

On 30 June 1965 the Realty Company executed and delivered its deed conveying the land in question to Prudential, the deed purporting to convey a fee simple title, subject to the condition that if it

be finally determined that the Realty Company does not have legal authority to make such conveyance the deed would be null and void, the land reverting to the Realty Company, its successors or assigns in fee simple absolute.

*Weinstein, Waggoner & Sturges by William J. Waggoner for plaintiff appellants.*

*Grier, Parker, Poe & Thompson by Joseph W. Grier, Jr. and James Y. Preston for defendant appellees.*

LAKE, J.   After the appeal was docketed in this Court the appellees moved to dismiss it as moot on the ground that, following the entry of the order in question, Prudential was made a party to the action and entered a general appearance so that it will be bound by the final judgment, whether or not the notice of *lis pendens* was properly ordered and cancelled. The motion to dismiss is denied. The appeal did not become moot by Prudential's becoming a party. If the notice of *lis pendens* was proper and remains in effect not only Prudential, but every other subsequent purchaser during the life of the notice, will be bound by the judgment in this action. G.S. 1-118. Without such notice of *lis pendens,* a bona fide purchaser or lien creditor not a party to the action and having no actual notice thereof would not be subject to a judgment rendered after his acquisition of title or lien. We must, therefore, consider the appeal upon its merit.

The common law rule of *lis pendens* has been replaced in this State by the provision of G.S. 1-116 to G.S. 1-120.1. *Arrington v. Arrington,* 114 N.C. 151, 19 S.E. 351. Thus, there can be no valid notice of *lis pendens* in this State except in one of the three types of actions enumerated in G.S. 1-116(a), which reads as follows:

> "(a)   Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, which notice shall be cross-indexed in accordance with G.S. 1-117, in the following cases:
>
> "(1)   Actions affecting title to real property;
>
> "(2)   Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and
>
> "(3)   Actions in which any order of attachment is issued and real property is attached."

Since it appears clearly from the plaintiffs' statement of the nature of their action that it does not fall into Class 2 or Class 3, the alleged notice of *lis pendens* is not valid unless this is an action "affecting title to real property."

The provisions of G.S. 1-120 with reference to cancellation of a notice of *lis pendens* are applicable to the cancellation of a valid notice. If the notice filed in the office of the Clerk was not authorized by the statute, the court had jurisdiction to cancel it, upon the motion of the owner of the record title to the land, without waiting for the termination of the action. *Parker v. White,* 235 N.C. 680, 71 S.E. 2d 122; *McGurk v. Moore,* 234 N.C. 248, 67 S.E. 2d 53.

In *Arrington v. Arrington, supra,* the Court said:

> "The rule *lis pendens,* while founded upon principles of public policy and absolutely necessary to give effect to the decrees of the court is, nevertheless, in many instances very harsh in its operation; and one who relies upon it to defeat a bona fide purchaser must understand that his case is *strictissimi juris.*"

Thus, notice of *lis pendens* may not properly be filed except in an action, a purpose of which is to affect directly the title to the land in question or to do one of the other things mentioned in the statute. The *lis pendens* statute does not apply, for example, to an action the purpose of which is to secure a personal judgment for the payment of money even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant described in the complaint. *Jarrett v. Holland,* 213 N.C. 428, 196 S.E. 314; *Threlkeld v. Land Company,* 198 N.C. 186, 151 S.E. 99, *Horney v. Price,* 189 N.C. 820, 128 S.E. 321; McIntosh, N. C. Practice and Procedure, 2d Ed., § 963; 54 C.J.S., Lis Pendens, § 9.

In *Insurance Co. v. Knox,* 220 N.C. 725, 18 S.E. 2d 436, Barnhill, J. said:

> "The effect of *lis pendens* and the effect of registration are in their nature the same thing. They are only different examples of instances of the operation of the rule of constructive notice. One is simply a record in one place and the other is a record in another place. Each serves its purpose in proper instances. They are each record notices.
>
> "Hence, the law of *lis pendens* and the statute requiring the registration of instruments affecting title to real property must be construed in *pari materia.* Otherwise, the one would be destructive of the other.
>
> "When so construed the rule *lis pendens* applies in actions to set aside deeds or other instruments for fraud, to establish a constructive or resulting trust, to require specific performance, to correct a deed for mutual mistake and in like cases where there is no record notice and where otherwise a prospective pur-

chaser would be ignorant of the claim. That is, *lis pendens* notice is required when the claim is *contra* or in derogation of the record."

It appears from the plaintiffs' statement of the nature of their action, the complaint not having been filed at the time of the order entered by Patton, E.J., that it has three purposes: (1) To restrain the officers and directors of the Realty Company, the holder of the record title, from executing a deed conveying that title to Prudential; (2) to restrain Cutter & Company from assuming the liabilities of the Realty Company; and (3) to rescind a contract for the sale of the land by the Realty Company to Prudential. Upon this appeal we are not concerned with the sufficiency of the allegations of the complaint, with the right of the plaintiffs as stockholders of Cutter & Company to maintain this action, or with the merits of the matter. The only question before us at this time is whether the action, as described in the plaintiffs' statement of it, is an action "affecting title" to the land in question. We hold that it is not such an action. It is not for the purpose of bringing about any change in the record title, but is brought for the purpose of preventing a change therein. It is not for the purpose of establishing a trust or lien upon the property. This is not an action of a type in which G.S. 1-116 permits the filing of a notice of *lis pendens* and, therefore, the order cancelling the notice filed by the plaintiffs was properly entered.

Affirmed.