Lord v. Jeffreys

---

Appeal dismissed.

Judges MORRIS and VAUGHN concur.

---

C. REESE LORD v. GEORGE JEFFREYS, THELMA C. JEFFREYS, JAMES T. JEFFREYS, JR., GAY P. JEFFREYS, VIRGINIA C. JEFFREYS, MILDRED JACKSON, GEORGE E. McGRIFF, JR., LEROY DUKES, NATIONAL INVESTMENT PROPERTIES, INC., AND SOUTHERN REALTY OF ATHENS, INC.

No. 748SC350

(Filed 5 June 1974)

Lis Pendens— action for payment of money — notice of lis pendens inapplicable

    Plaintiff was not entitled to the filing of a notice of *lis pendens* in his action for a personal judgment for the payment of money, and the court correctly struck the notice from the records. G.S. 1-116(a).

APPEAL by plaintiff from *James, Judge,* 12 November 1973 Session, Superior Court, WAYNE County. Heard in the Court of Appeals 19 April 1974.

This action was brought to recover $250,000 commissions allegedly due plaintiff in the sale of real estate and $1,500,000 damages for breach of contract. In his complaint plaintiff also asked that "a *lis pendens* be filed in this matter to protect the claim of the plaintiff." On 2 October 1973, a notice of *lis pendens* was filed in the office of the Clerk of the Superior Court of Onslow County. On 31 October 1973, defendants George Jeffreys and James T. Jeffreys filed a notice and motion that an order enter striking and cancelling from the records the notice of *lis pendens* filed by the plaintiff. From judgment entered allowing the motion and ordering the Clerk to strike from and cancel of record the notice of *lis pendens* by marginal reference to the order, the plaintiff appealed.

*Roland C. Braswell and Thomas E. Strickland, by Roland C. Braswell, for plaintiff appellant.*

*Taylor, Allen, Warren and Kerr, by Lindsay C. Warren, Jr., for defendant appellees, George Jeffreys and James T. Jeffreys, Jr.*

MORRIS, Judge.

Under the Rules of this Court an appellant is required to docket the record on appeal within 90 days after the date of the judgment. If this is not done, and no extension of time is obtained, the appeal is subject to dismissal. Rule 5 and Rule 48, Rules of Practice in the Court of Appeals of North Carolina. This record on appeal was not docketed within the time prescribed by the rules and is, therefore, subject to dismissal. We have, however, chosen to discuss the case on its merits.

In North Carolina, *lis pendens* is purely statutory. There can be no valid notice of *lis pendens* in this State except in one of the three types of action enumerated in subsection (a) of § 1-116 which subsection provides:

"(a) Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, which notice shall be cross-indexed in accordance with G.S. 1-117, in the following cases:

(1) Actions affecting title to real property;

(2) Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and

(3) Actions in which any order of attachment is issued and real property is attached."

*Cutter v. Realty Co.,* 265 N.C. 664, 144 S.E. 2d 882 (1965).

This complaint asks for commissions for the sale and purchase of the properties therein described and for damages for breach of contract. Appellant candidly concedes that there are no cases in this State allowing the filing of a notice of *lis pendens* in this situation. He contends, however, that we should adopt the rule that the broker is entitled to an equitable lien on the land for his commissions. In our opinion, the language of the statute is too clear to permit any construction other than that for plaintiff to have the right to file a notice of *lis pendens* in this action, it must be an action affecting the title to land.

In *Horney v. Price,* 189 N.C. 820, 823-824, 128 S.E. 321 (1925), plaintiff sued for commissions for the sale of land. He had filed a notice of *lis pendens*. The plaintiff in his complaint, prayed for "judgment for the sum of $1,000.00 with interest thereon from 30 November 1922 . . . " The jury answered the issue in favor of plaintiff and in its judgment, the court noted that plaintiff has complied with the statute in filing notice of

*lis pendens,* adjudged the judgment to be a lien on the lands described in the notice of *lis pendens,* and ordered that execution issue. On appeal, the Court said:

> "We think there was no error in the judgment allowing a recovery for the amount found by the jury to be due, but there was error in the judgment in holding that plaintiff had a valid lis pendens on the land and plaintiff's judgment was a lien on the land and execution could issue on the land. There is no statute in this State giving a lien to the plaintiff, an auctioneer or realtor on land he sells, and there is nothing in the contract giving a lien. We can find no authority to sustain plaintiff's contention that he has a lien— he cites none in his brief. Plaintiff, auctioneer, has no more lien on the land of the party he contracts with to sell land, unless it gives a lien, than a grocer who sells his groceries, a doctor or lawyer who renders professional services, or any person who brings an action to recover a money judgment."

The Court quoted the statute, noting that it was applicable only to actions affecting the title to land.

The principle set out in *Horney v. Price, supra,* was reiterated by the Court in *Cutter v. Realty Co.,* 265 N.C. 664, 668, 144 S.E. 2d 882 (1965), where Justice Lake, speaking for a unanimous Court said:

> "Thus notice of *lis pendens* may not properly be filed except in an action, a purpose of which is to affect directly the title to the land in question or to do one of the other things mentioned in the statute. The *lis pendens* statute does not apply, for example, to an action the purpose of which is to secure a personal judgment for the payment of money even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant described in the complaint. (Citations omitted.)"

The action before us now is obviously one for a personal judgment for the payment of money. If plaintiff is successful and obtains a judgment and properly dockets it, he will then obtain a lien upon the lands of defendants. However, he is not entitled to file a notice of *lis pendens,* and the court correctly struck it from the records.

Affirmed.

Judges CAMPBELL and VAUGHN concur.