[No. 8185–3–I.   Division One.   May 18, 1981.]

WILMA G. BRAMALL, ET AL, *Appellants,* v. HUGH GREGORY
WALES, ET AL, *Respondents.*

*Wilma Bramall,* pro se.

*Arthur S. Langlie, John Coughenour,* and *Bradley S. Keller,* for respondents.

PER CURIAM.—Plaintiff, Wilma Bramall, appearing pro se, appeals from a judgment dismissing her complaint and awarding damages to defendants, Hugh Gregory Wales, et al (Wales), on their counterclaim. We affirm the judgment as modified.

On February 21, 1978, Bramall filed an amended complaint seeking damages for "interference, invasion of privacy, slander of credit and title, breach [of] contract, and intent to do bodily harm." Wales was duly served outside the state of Washington, pursuant to RCW 4.28.180 and 4.28.185. Wales filed an answer and counterclaim seeking damages for defamation.

In the summer of 1978, Bramall attempted to amend her complaint to add additional claims and additional defendants. Her motion was noted for hearing on August 8, 1978. Wales' attorney was unable to appear but opposed the motion by means of an affidavit. The motion was not heard on August 8. Thereafter, Bramall filed numerous motions.[1] On January 8, 1979, she filed a note for the motion docket, "renoting" motions to "compel discovery, etc." Because defense counsel believed the motions were to compel discovery from the FBI and the Postal Service, he did not appear at the hearing. When defense counsel did not

---

[1]These additional motions included: "Plaintiff's Motion to Compel Production of Documents" from the FBI and the United States Postal Service, "Plaintiff's Motion to Compel Discovery and to Bring in Third Party," "[Plaintiff's] Motion to Compel Discovery," and "Plaintiff's Motion for Dismissal of Counter[c]laim and for Imposition of Terms."

appear, Bramall obtained an order dated January 12 permitting amendment of her complaint and compelling Wales to answer interrogatories. After learning of the entry of the order, Wales' counsel moved to revoke the January 12 order. His motion was granted on January 26, and an order revoking and vacating the January 12 order was entered.

In January of 1979, the case was set for trial on September 21, 1979. In July of 1979, Bramall filed a voluntary petition in bankruptcy. On August 31, 1979, Bramall filed a motion for continuance of trial date. On September 10, 1979, a superior court commissioner, after hearing argument, denied her motion for continuance. Bramall filed a motion for reconsideration of the commissioner's ruling which the presiding judge heard on September 12. Neither Bramall nor Wales' attorney appeared at this hearing. The attorney for Bramall's trustee in bankruptcy, however, appeared and argued that the automatic stay provisions of the bankruptcy act operated to stay the state court proceedings. The presiding judge affirmed the denial of a continuance but informed the trustee's attorney that he could reassert his contention at the time of trial.

Although knowing her motion for a continuance had been denied, Bramall voluntarily left the state and traveled to New York. Prior to leaving the state, Bramall filed a notice of appeal from the denial of her motion for continuance. On September 21, 1979, when the case was called for trial, neither Bramall nor the trustee in bankruptcy appeared. Wales and their counsel, however, appeared and were ready for trial. The trial judge who was assigned to hear the case heard testimony regarding Wales' defamation claim, dismissed Bramall's complaint for want of prosecution and awarded judgment to Wales. Findings of fact, conclusions of law, and judgment were entered October 24, 1979.

Bramall first contends the denial of her motion for continuance was error. She argues that the continuance should have been granted because Wales failed to provide adequate discovery prior to trial. She also argues that her physical incapacity necessitated a continuance. We do not

agree.

Continuances may be had upon a showing of good cause. The granting of a continuance rests within the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of abuse. *See State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 553 P.2d 423 (1976). A continuance based on the failure to conduct discovery must be supported by an adequate showing of due diligence. *See Howland v. Day*, 125 Wash. 480, 216 P. 864 (1923). Although the inability of a party to attend trial because of illness deserves liberal consideration, in a similar case, our Supreme Court upheld the denial of a continuance, stating:

> Against the background of these circumstances and facts, defendant's belated "morning of the trial" motion for continuance and his deliberate absence from the proceedings bespeaks neither due diligence nor good faith. To have granted the untimely motion would have worked an unjustified hardship on plaintiffs and their witnesses, . . . and added unpredictable further delay to an already overly extended proceeding.

*Odom v. Williams*, 74 Wn.2d 714, 718, 446 P.2d 335 (1968). Under the facts and circumstances of this case, we conclude the presiding judge did not abuse his discretion.

Bramall next contends that the trial judge erroneously revoked his order permitting her to amend her complaint. She also argues that because the order does not, by its own terms, strike her previously filed amended complaint, the amended complaint is still operative and she is entitled to a default judgment against the named defendants. We do not agree.

A trial judge's "action in passing upon a motion to amend the pleadings will not be disturbed on appeal except for a manifest abuse of discretion." *Clausing v. DeHart*, 83 Wn.2d 70, 79, 515 P.2d 982 (1973). The trial judge stated that he was satisfied that he had been deceived by Bramall. Our review of the record convinces us that the trial judge did not err in revoking his original order allowing Bramall

to add defendants and expand the scope of her complaint. Further, because Bramall could amend her complaint "only by leave of court or by written consent of the adverse party", CR 15(a), we conclude the trial judge's January 26 order rendered Bramall's amended complaint void.

Bramall next contends the trial judge was without jurisdiction to hear the case because of the automatic stay provisions in bankruptcy. She also argues that the filing of a notice of appeal deprived the superior court of jurisdiction. We do not agree.

At the time of trial in this case, rule 401 of the Rules of Bankruptcy Procedure was in effect. It provides in pertinent part:

> (a) *Stay of Actions.* The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, *if the action or judgment is founded on an unsecured provable debt . . .*

(Italics ours.) The provision, by its own terms, does not apply to Wales' counterclaim. Generally, unliquidated tort claims are not provable in bankruptcy. *See* 3A W. Collier, *Bankruptcy* ¶ 63.25[1] (14th ed. 1975). Wales' defamation claim does not fall under any recognized exception to the rule of nonprovability. *See* Collier, at ¶ 63.25[2]. *See also* Kennedy, *The Automatic Stay in Bankruptcy,* 11 U. Mich. J. of L. Ref. 177 (1977).

Bramall's notice of appeal did not deprive the superior court of jurisdiction. Because her appeal was from a ruling not appealable as a matter of right, the notice is treated as a notice for discretionary review. RAP 2.2(a), 5.1(c). Review was not accepted. The superior court retains full jurisdiction until review is accepted. RAP 7.1.

Bramall next contends that the trial judge exceeded his authority by denying her future pro se access to the superior court. We agree.

The pertinent provision of the judgment provides:

BE IT FINALLY ORDERED, ADJUDGED AND DECREED that this court shall maintain continuing jurisdiction over the parties hereto on an indefinite basis, and in the event plaintiff above–named seeks to file with the clerk of the above–entitled court a new action against defendants herein, the clerk of the above–entitled court is directed not to file the same unless directed by the undersigned to file the same or unless so directed by the presiding judge of the above–entitled court, or unless plaintiff above–named is represented by a member of the Bar of the Washington Supreme Court as counsel with respect to any such matter.

Wales has failed to cite, and our research has failed to disclose, any basis for such a broad injunctive order. Accordingly, that portion of the judgment is vacated.

Bramall next contends, as trustee for the Swallow's Nest Trust, that Wales improperly filed a notice of lis pendens, clouding title to property owned by the Trust. We agree.

A lis pendens may be filed "[i]n an action affecting the title to real property . . ." RCW 4.28.320. A lis pendens is not proper where it is filed in anticipation of recovering a money judgment.

> [N]otice of *lis pendens* may not properly be filed except in an action, a purpose of which is to affect directly the title to the land in question . . . The *lis pendens* statute does not apply, for example, to an action the purpose of which is to secure a personal judgment for the payment of money even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant described in the complaint.

(Citations omitted.) *Cutter v. Cutter Realty Co.,* 265 N.C. 664, 668, 144 S.E.2d 882 (1965). *See also Washington Dredging & Improvement Co. v. Kinnear,* 24 Wash. 405, 64 P. 522 (1901). *See generally* 51 Am. Jur. 2d *Lis Pendens* § 21 (1970). The lis pendens was improperly filed.

We have considered Bramall's remaining contentions and find them to be without merit.

The judgment as modified is affirmed, and the cause is remanded with directions to quash the improperly filed lis

pendens. Neither party shall recover costs.

Reconsideration denied June 15, 1981.