### Myron A. HAMILTON, Plaintiff-Appellant,

v.

### Shane A. SMITH, Tina Foster, Gary Cox, Gene Wallace, N.D. Pete Hayward, Grant English, Barbara Byrne, Officer Does 1–100, Judicial & Executive Officers 1–100, Keith Stephens, Rob Kolkman, Richard A. Dorrans, Tom Wayman, John Merrick, Charles Shepherd, Bailey Sainsbury, and Howard Lemke, Defendants-Appellees.

#### No. 84–1797.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1986.

North Dakota, sitting by designation.

Myron A. Hamilton, pro se.

Jody K. Burnett of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellees Smith, Foster, Cox, and Wallace.

Roger A. Livingston, Salt Lake Co. Attys.' Office, Salt Lake City, Utah, for defendants-appellees Hayward, English, Byrne, Stephens, Kolkman, Dorrans, Wayman, Merrick, Shepherd, and Lemke.

Before BARRETT, McKAY, and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This matter comes on appeal from an order of the district court granting a preliminary injunction restraining the plaintiff from filing a notice of lis pendens against any real property of the defendants. (See the order of April 15, 1985.) Upon consideration of the arguments made in the briefs and the record, we affirm the district court's judgment in this matter.

■ The underlying action was a civil rights action brought under 42 U.S.C. § 1983, in which the plaintiff sought money damages. The propriety of filing a notice of lis pendens from a federal lawsuit is a matter governed by state law. *See Winkler v. Andrus*, 614 F.2d 707 (10th Cir.1980). The district court issued the injunctive order based on its ruling that under Utah law a notice of lis pendens may not be filed in anticipation of a money judgment.

■ In Utah, a lis pendens may be filed "[i]n any action affecting the title to, or the right of possession of, real property...." Utah Code Ann. § 78–40–2 (1953). Similar statutes have been construed to prohibit the filing of a notice of lis pendens in anticipation of a money judgment. *Bramall v. Wales*, 29 Wash.App. 390, 628 P.2d 511, 514 (Wash.1981); *Cutter v. Cutter Realty Co.*, 265 N.C. 664, 144 S.E.2d 882, 885 (N.C.1965). *See generally* 51 Am. Jur.2d Lis Pendens § 21 (1970).

We agree with the district court and defendants. Although there are no state cases on point, there is no reason in either precedent or logic to assume that Utah would depart from this general rule. The injunction was properly granted. The appeal manifestly presents no substantial question. *See* 10th Cir.R. 9(c).

■ Lastly, plaintiff has requested that we certify to the attorney general of the United States and the attorney general of the State of Utah that this case draws into question the constitutionality of state and federal laws. *See* 28 U.S.C. § 2403. Upon consideration of the issue on appeal and in view of our disposition thereof, the request is denied.

AFFIRMED. The mandate shall issue forthwith.