**Thomas W. HILL, Plaintiff–Appellee,**

v.

**DEPARTMENT OF the AIR FORCE; Paul J. Vallerie, Defendants,**

**and**

**Paul S. Britt, Defendant–Appellant.**

No. 88–2917.

United States Court of Appeals, Tenth Circuit.

July 7, 1989.

Rehearing Denied Oct. 5, 1989.

See also, 10th Cir., 884 F.2d 1318.

John R. Bolton, Asst. Atty. Gen., John F. Cordes, Barbara L. Herwig, and Howard S. Scher, Attys., Civ. Div., Dept. of Justice, Washington, D.C., William L. Lutz, U.S. Atty., Rhonda P. Backinoff, G. Patrick Elder, and Douglas C. Henson, Asst. U.S. Attys., W. Patrick Harman, Butt, Thornton & Baehr, Albuquerque, N.M., for defendants and defendant-appellant.

Thomas W. Hill, pro se.

Before McKAY, ANDERSON, Circuit Judges, and BROWN, District Judge.*

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

■ Defendant Paul S. Britt appeals from the October 31, 1988, order of the district court denying Britt's motion to quash a notice of lis pendens placed by plaintiff Thomas W. Hill on Britt's residence. Hill has filed a motion to dismiss alleging this court does not have jurisdiction to consider this appeal. Britt has responded.

Upon consideration of the briefs, relevant district court papers, and relevant case law, we conclude that we do have jurisdiction to consider this appeal. The district court's order is a collateral order appealable under the principles set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

■ We further conclude the district court erred in refusing to quash the notice of lis pendens. N.M.Stat.Ann. § 38-1-14 (1987) provides in part:

> In all actions in the district court of this state or in the United States district court for the district of New Mexico affecting the title to real estate in this state, the plaintiff ... may record with the county clerk of each county in which the property may be situate a notice of the pendency of the suit....

Hill has filed an action seeking damages against Britt, not an action involving Britt's property. The filing of a notice of lis pendens in anticipation of a money judgment is prohibited. *See Hamilton v. Smith*, 808 F.2d 36, 37 (10th Cir.1986) (construing a similar Utah statute). Accordingly, Hill's filing of the notice of lis pendens was impermissible under the New Mexico statute.

The October 31, 1988, order of the United States District Court for the District of New Mexico is REVERSED, and the cause is REMANDED to the district court with instructions that the notice of lis pendens be quashed. The motion to dismiss is DE-

---

* The Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation.

NIED. We have received and considered Britt's supplemental authority.

The mandate shall issue forthwith.