948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George FREEMAN, Plaintiff-Appellant,
v.
Victoria MACLEOD; City of Seattle; Charles Royer; George
Pierce; Seattle University; First Hill Improvement
Association; Seattle Post Intelligencer; Komo Television;
Gregory Dean; Patrick Fitzsimons; Ken Schram, Defendants-Appellees.
 No. 90-35886.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Dec. 3, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Freeman appeals pro se the partial grant of summary judgement for some defendants and the dismissal of his civil rights action against the City of Seattle, its officers, Seattle University, broadcasters and news organizations, and a community improvement group, alleging they engaged in a race based conspiracy to prevent him from opening a disco dance club. The district court entered the following judgments:
 
 
 3
 1. Judgment--April 26, 1990: Granting motion by City of Seattle, Royer, Fitzsimons, MacLeod and Dean for partial summary judgment or dismissal of Freeman's complaint together with attorney fees and costs;
 
 
 4
 2. Judgment--October 11, 1990: Enjoining Freeman from filing any further suits in that court against defendants in the instant law suit or dealing with the subject matter of the instant suit without first obtaining leave of the court by filing an application seeking leave to file, supported by a declaration stating (1) sufficient facts to establish a showing of good cause as to why plaintiff should be permitted to go forward with his action, (2) that plaintiff has conducted a reasonable investigation into said facts, and (3) that the action is neither frivolous nor brought in bad faith;
 
 
 5
 3. Judgment--October 11, 1990: 1) Denying Freeman's motion to file first amended complaint; 2) Vacating the Order of Default previously entered against DeMile; 3) Dismissing Freeman's claims in the instant case against each and every defendant; 4) Granting defendants' several requests for sanctions and directing Freeman to pay costs and fees; 5) Granting the motion to strike lis pendens in all regards; and 6) Denying the motion to impose additional sanctions.
 
 
 6
 We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and we affirm the judgments of the district court for the reasons set forth in the thorough and well-reasoned orders, dated April 25, 1990, May 10, 1990, and October 11, 1990 (2), issued by the court in conjunction with these judgments and on the basis of the unopposed motions.
 
 
 7
 We also strike the lis pendens filed by Freeman on appeal. There is simply no proper basis for the lis pendens. Freeman's action does not affect title to real property, see R.C.W. 4.28.320, and filing a lis pendens in anticipation of a money judgment is prohibited in Washington. Bramall v. Wales, 29 Wash.App. 390, 628 P.2d 511, 514 (1981).
 
 
 8
 Finally, pursuant to Fed.R.App.Pro. 38 and 28 U.S.C. 1921, this court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Maisano v. United States, 908 F.2d 408, 411 (9th Cir.1990). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Id. Because we conclude that Freeman's arguments are wholly without merit, we award single costs and attorneys' fees to Seattle University and George Pierce, Fisher Broadcasting, Inc. and Ken Schram, Paul J. McKillop, First Hill Improvement Association, Seattle Post-Intelligencer and John and Jane Doe Officers of the Seattle Post-Intelligencer, City of Seattle, Charles Royer, Patrick Fitzsimons, Victoria MacLeod, and Gregory Dean. It is further ordered that the mandate in this case issue forthwith.
 
 
 9
 AFFIRMED. The clerk is hereby directed to issue the mandate forthwith.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3