**Estes F. ALDER, et al., Plaintiffs–Appellants,**

v.

**TENNESSEE VALLEY AUTHORITY; Board of Directors of Tennessee Valley Authority; the Retirement System of the Tennessee Valley Authority, Defendants–Appellees.**

No. 00–6503.

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

RYAN, Circuit Judge.

The question presented is whether the district court erred when it dismissed the plaintiffs' complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111, *et seq.* (codified in various sections of 5 U.S.C.), precludes the plaintiffs' claims arising out of their federal employment. We think the court did not err, and therefore we will AFFIRM the judgment of the district court.

I.

The plaintiff class comprises 213 former safety officers and security guard managers employed by Tennessee Valley Authority (TVA) nuclear plants. The plaintiffs were, for the most part, members of the Public Safety Service Employees' Union (PSSEU), although a smaller number were security guard managers not eligible for PSSEU membership. Prior to July 1997, the TVA conducted collective bargaining negotiations with the Salary Policy Employee Panel (the Panel), an unincorporated association which represented five labor organizations: the PSSEU; the Office and Professional Employees International Union, AFL–CIO, CCL (OPEIU); the Engineering Association, Inc. (EA); the Service Employees International Union, AFL–CIO (SEIU); and the TVA Association of Professional Chemists and Chemical Engineers (APCCHE). The TVA, the Panel, and the Panel's separate member unions entered into an agreement recognizing the collective bargaining rights of employees and providing that the TVA is to negotiate exclusively with the Panel for collective bargaining agreements relating to the em-

ployees represented by the Panel's five constituent members.

In July 1997, the TVA proposed that the Panel be abolished and that the TVA enter into three separate agreements with the member unions. The Panel allegedly rejected this proposal. By November 1997, both the EA and the local affiliate of the SEIU notified the TVA of their intent to disaffiliate from and cease participation in the Panel. Thereafter, the TVA notified the Panel that it was in breach of the Recognition Agreement for failure to represent two of its member unions. In late November 1997, the TVA entered into separate bargaining agreements with the EA and the SEIU and in March 1998 entered into a separate bargaining agreement with the PSSEU. The plaintiffs were not included in this separate bargaining agreement between the TVA and the PSSEU, because, in the interim, the TVA announced a reduction in force after its decision to contract out all of its security guard services to the Borg–Warner Corporation. Shortly after the reduction in force, the TVA instituted increased and accelerated retirement benefits for which the plaintiffs were not eligible. Borg–Warner currently employs some of the plaintiffs, but at a lower pay and with fewer benefits than the plaintiffs received while employed by the TVA.

On March 23, 1998, the Panel and the OPEIU filed a lawsuit in the United States District Court for the Middle District of Tennessee against the TVA, the EA, the SEIU, and the PSSEU, claiming breach of contract by the TVA and its member unions and inducing breach of contract by the TVA. The district court granted the defendants' motion for summary judgment because "traditional principles of contract law and the Norris–LaGuardia Act preclude[d] the Court from issuing injunctive relief." At the same time, several of the plaintiffs appealed the reduction in force and their terminations to the Merit Systems Protection Board (MSPB). In three separate opinions, the MSPB upheld the terminations. *Arnold, et al. v. TVA,* No. AT–0351–98–0530–I–1 (M.S.P.B. Aug.14, 1998); *Alder, et al. v. TVA,* No. AT–0351–98–0770–I–1 (MSPB Aug. 17, 1998); *Ashe, et al. v. TVA,* No. AT–0351–98–0679–I–1 (MSPB Aug. 18, 1998), *petitions for review denied* (MSPB Feb. 26, 1999). The United States Court of Appeals for the Federal Circuit affirmed these decisions. *Arnold, et al. v. MSPB,* No. 99–3194, 2000 WL 28172, at *1 (Fed.Cir. Jan.11, 2000) (unpublished disposition).

On December 1, 1998, the plaintiffs filed a three-count complaint in the United States District Court for the Eastern District of Tennessee alleging: (1) breach of contract; (2) inducing breach of contract; and (3) violations of the Employee Retirement Income Security Act of 1974 (ERISA), including, but not limited to, violations of 29 U.S.C. §§ 1104 and 1140. The defendants responded with a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 14, 1999, the district court granted the defendants' motion to dismiss counts one and two of the plaintiffs' complaint for lack of subject matter jurisdiction. The court also granted the defendants' motion to dismiss count three of the plaintiffs' complaint to the extent it requested a dismissal of the ERISA action. However, the district court granted the plaintiffs' request to amend count three to state a claim against the defendants for an alleged violation relating to the plaintiffs' retirement benefits. The plaintiffs filed their amended complaint alleging a violation of federal common law, including but not limited to, breach of fiduciary duty and

breach of good faith and fair dealing. A year later, the district court granted the defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The court concluded that the plaintiffs' complaint "challenges a personnel action taken by TVA," and that the district court had no jurisdiction to provide a remedy.

## II.

The plaintiffs contend on appeal that the CSRA does not foreclose judicial review in the district court for two primary reasons.

First, the plaintiffs contend that the MSPB is not the proper forum for TVA employee suits. The plaintiffs rightly recognize that the MSPB exists to provide remedies for federal employee personnel grievances, and derives its jurisdiction from the Civil Service laws. The plaintiffs cite 16 U.S.C. § 831b for the proposition that TVA employees are hired and fired without regard to the Civil Service laws. They argue that because the TVA is a corporate entity able to "sue and be sued," the doctrine of sovereign immunity applicable to the government generally does not apply to the TVA. *See FDIC v. Meyer*, 510 U.S. 471, 483, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Consequently, the plaintiffs argue that the preemptive reach of the CSRA does not apply to TVA employees. According to the plaintiffs, the district court's interpretation favoring preemption would, in effect, repeal by implication the "sue and be sued" clause found in the TVA Act.

Second, the plaintiffs contend that even if the CSRA gives exclusive jurisdiction to the MSPB over TVA employment claims, the MSPB would not have jurisdiction to hear the plaintiffs' claims in this instance. The plaintiffs argue that the district court erred when it characterized their com-

plaint as "fundamentally rais[ing] an employment claim." Rather, the plaintiffs characterize their complaint as "challenging the underlying intent and actions leading to [the loss of their retirement benefits]," a managerial consideration informing the agency's exercise of discretion and, therefore, not within the ambit of MSPB review. *See Grasso v. IRS*, 4 MSPB 205, 4 M.S.P.R. 119, 123 (MSPB Nov. 19, 1980); *see also Griffin v. Dep't of Agric.*, 2 MSPB 335, 2 M.S.P.R. 168, 171 (MSPB Jun. 2, 1980). Furthermore, the plaintiffs argue, if the district court does not have jurisdiction, they will not have a forum in which to bring their claim.

The TVA contends that the district court properly dismissed the plaintiffs' complaint because the plaintiffs' claims arose solely out of their employment with the TVA and are, therefore, preempted by the CSRA. *United States v. Fausto*, 484 U.S. 439, 443, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Jones v. TVA*, 948 F.2d 258, 262 (6th Cir. 1991).

### A.

When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), this court reviews a district court's legal conclusions *de novo*, and any accompanying factual findings for clear error. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134–35 (6th Cir.1996).

### B.

■ Congress enacted the CSRA as a comprehensive, preemptive system for the review of personnel actions affecting federal employees and to limit judicial review not otherwise provided in the statute. *Fausto*, 484 U.S. at 443, 108 S.Ct. 668. "A leading purpose of the CSRA was to re-

place the haphazard arrangements for administrative and judicial review of personnel action, part of the 'outdated patchwork of statutes and rules built up over almost a century' that was the civil service system." *Id.* at 444, 108 S.Ct. 668 (citing S. REP. NO. 95–969, at 3 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723). Recognizing the breadth of the statutory scheme, we held in *Jones*, that "even if no remedy at all has been provided by the CSRA, courts [should] not create a[ ] remedy." *Jones*, 948 F.2d at 264. In *Jones*, this court explained that to the extent TVA employees are "preference eligible," as defined in 5 U.S.C. § 2108(3), they are protected by the administrative and judicial review procedures provided in the CSRA. *Id.* at 262, 264; *see Anderson v. TVA*, No. 99–5492, 2000 WL 924607, at *2 (6th Cir. Jun.26, 2000) (unpublished disposition). At oral argument, the TVA verified that although all of the plaintiffs were not "preference eligible," they nevertheless were *all* allowed administrative review before the MSPB. The plaintiffs' argument that the CSRA does not apply to them, because the TVA Act exempts the TVA from the Civil Service laws, necessarily fails under the rule announced in *Jones*.

■ The plaintiffs argue that "[b]ecause [they] are challenging the underlying intent and actions leading to the [reduction in force] and not the [action] itself, the MSPB [does] not have jurisdiction" over their claim. We disagree.

The MSPB has no jurisdiction except that granted to it by "law, rule, or regulation." 5 U.S.C. § 7701(a). Section 351.901 allows "[a]n employee who has been furloughed for more than 30 days, separated, or demoted by a *reduction in force* action [the right to] appeal to the [MSPB]." 5 C.F.R. § 351.901 (emphasis added). Indeed, the MSPB reviewed the plaintiffs' prior claims based, in part, on

this jurisdictional grant. *Arnold*, No. AT–0351–98–0530–I–1; *Alder*, No. AT–0351–98–0770–I–1; *Ashe*, No. AT–0351–98–0679–I–1, *petitions for review denied* (MSPB Feb. 26, 1999). We see the plaintiffs' attempt to "reframe" their complaint "challenging the underlying intent and actions leading to the [loss of their retirement benefits]," as, essentially, a challenge to the reduction-in-force decision itself—a fundamental employment claim subject to MSPB review. The district court correctly concluded:

> This case … [centers] on the improper termination of Plaintiffs so as to deny them the benefits of these amendments …. Indeed, the sole count in the Plaintiffs' amended complaint alleges wrongful termination by TVA …. Moreover, Plaintiffs' prayer for relief requests reinstatement, back pay, and other employment-related benefits—all traditional forms of relief awarded in employment actions.

We note, however, that the plaintiffs are not without judicial review of an unfavorable Board decision. The CSRA provides for judicial review from final Board orders and decisions. 5 U.S.C. § 7703(a)(1). However, except in cases of discrimination, 5 U.S.C. § 7703(b)(2), a petition to review a final order of the Board must be filed in the United States Court of Appeals for the Federal Circuit which has "exclusive jurisdiction … of an appeal from a final order or final decision of the [MSPB], pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9); *see* 5 U.S.C. § 7703(b)(1); *Fausto*, 484 U.S. at 449, 108 S.Ct. 668.

■ Even if the CSRA did not allow for administrative (MSPB) review of the plaintiffs' claims, this court would not have jurisdiction to craft a federal remedy. *Jones*, 948 F.2d at 264. Several sister circuits construing the comprehensive

nature of the CSRA have reached the same conclusion: "[W]hen the design of a government program suggests that Congress has provided what it considers to be adequate remedies" "courts must give appropriate deference to indications that congressional inaction has not been inadvertent and should not create [alternate] remedies." *Id.* at 263–64 (citing *McIntosh v. Turner,* 861 F.2d 524, 526 (8th Cir. 1988); *Kotarski v. Cooper,* 866 F.2d 311, 312 (9th Cir.1989); *Brothers v. Custis,* 886 F.2d 1282, 1284 (10th Cir.1989); *Hill v. Dep't of Air Force,* 884 F.2d 1321 (10th Cir.1989)).

### III.

For the foregoing reasons, we conclude that the district court did not err when it held that it lacked jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) to grant the relief requested by the plaintiffs.

Because the plaintiffs' complaint challenges an adverse personnel action taken by the TVA, the plaintiffs' sole avenue for relief is with the MSPB. Instead of bringing this action in the United States District Court for the Eastern District of Tennessee, the plaintiffs should have exhausted their administrative remedies, if any, before the MSPB and pursued judicial review of any adverse Board decision in the United States Court of Appeals for the Federal Circuit.

For the foregoing reasons, we AFFIRM the judgment of the district court.