IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE COTTAGES AT THE HEIGHTS CONDOMINIUM OWNERS ASSOCIATION, | ) ) ) | No. 79994-1-I |
| | ) | DIVISION ONE |
| Respondent, | ) ) | |
| v. | ) ) | |
| JAYAKRISHNAN K. NAIR, | ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) | |
| JANE DOE NAIR; and DOES 1-10, | ) ) | |
| Defendants. | ) | |

BOWMAN, J. — Jayakrishnan Nair recorded a lis pendens, giving notice of his motion to set aside a sheriff's sale of a condominium and extend the redemption period. He appeals the trial court's order canceling the lis pendens. We conclude the trial court properly canceled Nair's lis pendens because Nair has no legal right to title to the condominium. We affirm.

FACTS

In 2009, Nair bought a condominium unit at the Cottages at the Heights in Snoqualmie. Shortly after buying the condominium, Nair moved to New Jersey to pursue a business opportunity, but kept the condominium and used it as a rental property.

Citations and pin cites are based on the Westlaw online version of the cited material.

In May 2012, Nair stopped paying the monthly condominium assessments. As a result, the Cottages at the Heights Condominium Owners Association (the Cottages) filed a "Complaint for Collection of and Judicial Foreclosure of Lien for Unpaid Assessments."[1] Nair did not respond and the Cottages moved for a default judgment and decree of foreclosure. On October 31, 2014, the court issued a "Default Judgment and Decree of Foreclosure" in the amount of $14,609.24 plus interest, and ordered that the continuing monthly assessments be added to the total judgment until satisfied. Nair did not satisfy, appeal, or supersede the judgment. In May, the court ordered the property sold at a sheriff's sale scheduled for June 2017.

Before the sheriff's sale, Nair negotiated a "pay off" with the Cottages. Nair agreed to make four monthly payments of $6,000 and a fifth payment of $3,030. Nair made only the first payment, so the Cottages rescheduled the sheriff's sale for November 13, 2017. At Nair's request, the Cottages agreed to postpone the rescheduled sale again so that he could obtain financing to satisfy the judgment. But Nair again failed to pay the judgment. The condominium eventually sold at auction on November 27, 2017 to Royal Flush Realty LLC (RFR) for $32,000, subject to the statutory 12-month redemption period.

On March 23, 2018, the court executed an "Order Confirming Sale." According to the order, "all right, title and interest of [Nair] in and to the above-described real property was sold by the King County Sheriff for the sum of

---

[1] The Cottages amended the complaint on June 25, 2014.

$32,000.00 to Royal Flush Realty, LLC." Nair did not object. On April 11, 2018, the court entered a "Full Satisfaction of Judgment" order.

The redemption period for the condominium ran from November 27, 2017 to November 27, 2018. On October 4, 2018, RFR served Nair with a "Notice of Expiration of Redemption Period." RFR notified Nair that he must pay $185,314.01 by November 27, 2018 to redeem the property and gave an "itemized account of the amount" due. The redemption amount included a payment RFR made of $147,046.34 plus interest to satisfy Nair's original deed of trust with Washington Federal Savings Bank. RFR asserted this payment was necessary to avoid foreclosure by the bank.

Nair did not redeem the condominium before the November 2018 deadline. The King County Sheriff's Office filed a "Return on Deed to Real Property" on December 4, 2018 that issued the deed to the property to RFR. Three months later, RFR sold the condominium to a third party.

Fifteen days before the scheduled closing date of March 19, 2019, Nair filed a "Motion To Set Aside Sheriff's Sale or Extend Redemption Rights." Nair argued that RFR failed "to comply with the redemption statutes." Nair also recorded a lis pendens with the King County Recorder's Office, notifying potential buyers that he "is disputing the Sheriff's Sale" and "requesting the Court to vacate the Sheriff's Sale and extend the exemption period due to various irregularities in the judicial foreclosure, redemption and sale process."[2]

---

[2] Nair's lis pendens incorrectly listed the sale date as November 28, 2018.

RFR moved to cancel the lis pendens and requested an award of reasonable attorney fees. The court expedited RFR's motion and heard oral argument on March 15, 2019. In a written ruling issued the same afternoon,[3] the court granted RFR's motion to cancel the lis pendens. The court found that Nair did not meet "his burden to show that there were any irregularities in proceedings prior to the Sheriff's Sale." The court denied RFR's request for attorney fees.

On March 18, Nair recorded a second lis pendens, and RFR moved to cancel. On March 19, Nair filed a motion for reconsideration of the court's order canceling his first lis pendens, which the court denied the same day. Also on March 19, the court entered an order canceling Nair's second lis pendens, finding Nair did not "establish any new justification for the recording and filing of the [second] lis pendens." The court also entered a judgment awarding RFR attorney fees. That same day, Nair recorded a third lis pendens and RFR again moved to cancel. On March 20, the court canceled the third lis pendens and awarded RFR more attorney fees.[4] Nair appeals only the order canceling his first lis pendens that the court filed on March 18, 2019.

## ANALYSIS

Nair asserts the trial court erred in canceling his lis pendens because "he has the right to claim his property he intends to dwell in as a homestead."[5] The

---

[3] The court filed its order on March 18, 2019.

[4] The court also ordered that it would hold Nair in contempt and impose sanctions if he filed another lis pendens and that it would consider another lis pendens "invalid" with "no legal effect."

[5] Nair also raises several arguments related to his Motion To Set Aside Sheriff's Sale or Extend Redemption Rights. Because Nair appeals only the trial court's order canceling his lis pendens, we do not reach those issues.

Cottages argues that because Nair does not have a right in the property, the recording of the lis pendens was inappropriate and the court correctly canceled the lis pendens.[6] We agree with the Cottages.

A lis pendens is a way to give notice that a court has acquired jurisdiction or control over property involved in a lawsuit pending resolution of the action. See Wash. Dredging & Improvement Co. v. Kinnear, 24 Wash. 405, 406, 64 P. 522 (1901). RCW 4.28.320 provides, in pertinent part:

> At any time after an action affecting title to real property has been commenced, or after a writ of attachment with respect to real property has been issued in an action, or after a receiver has been appointed with respect to any real property, the plaintiff, the defendant, or such a receiver may file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby.

A lis pendens "has no effect on the substantive rights of the parties, but is merely a method of forcing a purchaser or encumbrancer under a subsequent recorded conveyance to either set up that claim in the action or be bound by the judgment therein." R.O.I., Inc. v. Anderson, 50 Wn. App. 459, 462, 748 P.2d 1136 (1988). A lis pendens is properly filed only " 'in an action, a purpose of which is to affect directly the title to the land in question.' " Bramall v. Wales, 29 Wn. App. 390, 395, 628 P.2d 511 (1981) (quoting Cutter v. Cutter Realty Co., 144 S.E.2d 882, 885, 265 N.C. 664 (1965)).

---

[6] We deny the Cottages' motion to dismiss the appeal under RAP 5.2(a).

RCW 4.28.320 gives the trial court the discretion to cancel a lis pendens upon a showing of good cause.[7] Accordingly, we review the trial court's order granting a motion to cancel a lis pendens for an abuse of discretion.[8] Beers v. Ross, 137 Wn. App. 566, 575, 154 P.3d 277 (2007). A trial court abuses its discretion when it grants or denies a motion on untenable grounds or for untenable reasons. Beers, 137 Wn. App. at 573-74.

Nair argues that irregularities in the foreclosure, sale, and redemption process as alleged in his Motion to Set Aside Sheriff's Sale or Extend Redemption Rights entitle him to record a lis pendens under RCW 4.28.320. But Nair misconstrues his motion as an action affecting title to real property. Here, Nair relinquished any claim to title of the condominium by not superseding[9] or appealing the October 2014 Default Judgment and Decree of Foreclosure, resulting in sale to a good-faith purchaser. See Estate of Spahi v. Hughes-Nw., Inc., 107 Wn. App. 763, 769, 27 P.3d 1233 (2001) ("Under Washington law, a trial court judgment is presumed valid, and unless the judgment is superseded, a judgment creditor has specific authority to execute on that judgment.")[10]; Grand

---

[7] RCW 4.28.320 states, in pertinent part:

[T]he court in which the said action was commenced may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record.

[8] Nair argues that we should review his assignments of error de novo because they involve issues of statutory construction. We disagree.

[9] RAP 8.1, "Supersedeas Procedure," provides "a means of delaying the enforcement of a trial court decision in a civil case in addition to the means provided in CR 62(a), (b), and (h)." RAP 8.1(a). The rule allows a party to "obtain a stay of enforcement of a decision affecting rights to possession, ownership or use of real property or of tangible personal property, or intangible personal property, by filing in the trial court a supersedeas bond." RAP 8.1(a)(2).

[10] Footnote omitted.

Inv. Co. v. Savage, 49 Wn. App. 364, 370-71, 742 P.2d 1262 (1987) (title unencumbered when obtained by good-faith purchaser following nonsuperseded default judgment).

Nor did Nair raise any claims of irregularity in the sale of the condominium before the court's March 2018 Order Confirming Sale. A confirmation order "creates a final sales contract for the purchase of the property." Camp Fin., LLC v. Brazington, 133 Wn. App. 156, 164-65, 135 P.3d 946 (2006).

> "It is a conclusive determination of the regularity of the sale as to all persons, of whom the court has jurisdiction, in any other action, suit, or proceeding whatever. Where there are no such errors as will oust the court of jurisdiction, the order of confirmation concludes inquiry into any irregularity attending it."

Betz v. Tower Sav. Bank, 185 Wash. 314, 325, 55 P.2d 338 (1936) (quoting Brady v. Ford, 184 Wash. 467, 470, 52 P.2d 319 (1935)). By not objecting to the Order Confirming Sale of the condominium to RFR, Nair bound himself to the judicial determination that transferring title was proper.

Even so, Nair had the chance to regain title to the condominium by paying RFR the full redemption price. Under RCW 6.23.020(1)(b), "any redemptioner may redeem the property from the purchaser at any time . . . within one year after the date of the sale." Nair did not exercise his statutory right to redeem. Citing Millay v. Cam, 135 Wn.2d 193, 955 P.2d 751 (1998), Nair now claims that the redemption period should have been "equitably tolled" because his single payment toward satisfying the judgment on foreclosure shows his "exercise of diligence" and amounts to a partial payment of the redemption price. Nair also asserts he should be excused from paying the full redemption amount because

RFR fraudulently represented and "grossly bloated" the redemption price. But Millay rejected the proposition that a party who disputes a redemption amount can preserve a property interest by paying only part of the fee during the redemption period. Millay, 135 Wn.2d at 203. And Nair offers no evidence that RFR's redemption price was fraudulent or exaggerated.

A lis pendens "is not proper where it is filed in anticipation of recovering a money judgment." Bramall v. Wales, 29 Wn. App. 390, 395, 628 P.2d 511 (1981). Because Nair has no legal right to title of the condominium, damages and fees are the only possible remedy should he successfully demonstrate irregularities in the foreclosure, sale, and redemption process. See S. Kitsap Family Worship Ctr. v. Weir, 135 Wn. App. 900, 911-12, 146 P.3d 935 (2006) (citing Richau v. Rayner, 98 Wn. App. 190, 198, 988 P.2d 1052 (1999)). The trial court did not abuse its discretion in canceling Nair's lis pendens.

Attorney Fees

The Cottages seeks attorney fees on appeal. Under RCW 64.34.364(14), a condominium association

> shall be entitled to recover any costs and reasonable attorneys' fees incurred in connection with the collection of delinquent assessments, whether or not such collection activities result in suit being commenced or prosecuted to judgment. In addition, the association shall be entitled to recover costs and reasonable attorneys' fees if it prevails on appeal and in the enforcement of a judgment.

We award attorney fees to the Cottages as the prevailing party, subject to compliance with RAP 18.1.

We affirm the court's order canceling Nair's lis pendens.

_____
Brennan, J

WE CONCUR:

_____        _____
Dwyer, J.                       Appelwick, J.