FILED
3/11/2024
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEVE HAILEY,<br><br>    Appellant,<br><br> v.<br><br>WASHINGTON STATE EXECUTIVE<br>ETHICS BOARD,<br><br>    Respondent. | No. 85280-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Steve Hailey appeals the trial court's decision to deny his motion to continue. We affirm.

I

Following a hearing in 2022, the Executive Ethics Board (Board) concluded that Hailey, a full-time faculty member at Edmonds Community College, violated the Ethics in Public Service Act, ch. 42.52 RCW, by utilizing state resources to promote and support an outside business. The Board ordered Hailey to pay a civil penalty of $5,500.

Hailey petitioned for judicial review in Snohomish County Superior Court. After the agency record was filed, the Board moved to set a briefing schedule and set a hearing date for June 2, 2022. Hailey did not respond to the motion but filed a notice of unavailability covering the dates of June 22 to September 5, 2022. Hailey did not

appear at the hearing on June 2 and the Board was advised to file a note for trial setting later that fall.

A judge was assigned in December 2022. Hailey and the Board agreed to a briefing schedule that mirrored a CR 56 briefing schedule with a hearing on the merits on March 27, 2023.

Hailey's brief was due on February 27, 2023, but he failed to meet this deadline. The Board e-mailed Hailey on March 1, stating they had not received his brief and they would be filing a responsive brief asking the court to dismiss the appeal. On March 6, Hailey responded stating that he would be submitting a motion to request a continuance. The Board informed Hailey that they would oppose his motion.

Hailey filed a motion for continuance on March 15, 2023, but failed to properly note it before the court. The trial court denied his motion on March 21, 2023.

Hailey failed to appear on March 27, 2023. Before the hearing, Hailey submitted an amended motion renewing his request for a continuance. Again, Hailey did not properly note the motion before the court.

The trial court found there was no good cause for a continuance and dismissed Hailey's petition for review with prejudice. Hailey appeals.

II

"Continuances may be had upon a showing of good cause." Bramall v. Wales, 29 Wn. App. 390, 393, 628 P.2d 511 (1981). A trial court has the "discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." Woodhead v. Disc. Waterbeds, Inc., 78 Wn. App. 125, 129, 896 P.2d 66 (1995). We review a trial court's decision to deny a motion to continue for an

-2-

abuse of discretion.  State v. Kelly, 32 Wn. App. 112, 114, 645 P.2d 1146 (1982).  A trial court manifestly abuses its discretion if no reasonable person would take the view adopted by the court.  Eagle Pac. Ins. Co. v. Christensen Motor Yacht Corp., 85 Wn. App. 695, 709, 934 P.2d 715 (1997), aff'd, 135 Wn.2d 894, 959 P.2d 1052 (1998).

In denying his motion for a continuance, the trial court found that Hailey failed to file a brief within 45 days after filing his petition on February 4, 2020.[1]  For 10 months, Hailey did not advise anyone that he could not proceed with the case due to health or other reasons.  In December 2022, both parties agreed to a briefing schedule and a hearing on the merits on March 27, 2023.  Hailey "raised no issues or concerns about his ability to timely file a brief or proceed with the hearing."  Hailey filed the motion to continue on March 15, 2023, but did not properly note it before the court.

The trial court explained, "[a]lthough it appears that [Hailey] may have some underlying health issues that may make it somewhat difficult for him to prepare his case, he has had over 12 months to file a brief and prepare for a hearing on the merits, during which time he did neither.  The Court notes that this is the same pattern of behavior that he exhibited during the underlying proceeding before the Board."  The court concluded that Hailey "failed to present good cause as to why this matter should be continued further."

Hailey also attempted to amend his motion to continue right before the March 27 hearing.  Again, Hailey failed to properly note the motion.  The trial court found "there is

---

[1] Under the rules for appeal of decisions of courts of limited jurisdiction, the brief of an appellant is due within 45 days after filing the notice of appeal with the superior court.  RALJ 7.2(a).  The court may also issue a briefing schedule.  RALJ 7.2(d).

no good cause for a continuance of proceedings as [Hailey] has had over a year to prepare his case and/or obtain legal counsel."

Significantly, Hailey did not assign error to any of the trial court's findings and conclusions, and as such, they are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). And Hailey cites no authority in his opening brief. This court "will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); see also Cowiche Canyon, 118 Wn.2d at 809 (arguments unsupported by reference to the record or citation to authority will not be considered).

When a party had approximately one year to prepare a brief, knew of the deadline for two months, failed to meet the deadline before attempting to continue the hearing, and failed to properly note the hearing, we cannot say that the trial court abused its discretion by denying their motion to continue.

In his reply, Hailey emphasizes that he appears here pro se, however, it is well settled in the State of Washington that we hold pro se litigants to the same standards as attorneys. In re Decertification of Martin, 154 Wn. App. 252, 265, 223 P.3d 1221 (2009).

Hailey has failed to demonstrate that no reasonable judge would have reached the same conclusion as the trial court. The trial court did not manifestly abuse its discretion by denying Hailey's motions to continue.[2]

---

[2] In his conclusion, Hailey asks this court to reverse the trial court's decision to dismiss his case with prejudice. However, Hailey has provided no argument on the dismissal and instead focused on his motions to continue. An issue not discussed in a party's brief is considered abandoned. Greensun Grp., LLC v. City of Bellevue, 7 Wn. App. 2d 754, 780 n.11, 436 P.3d 397 (2019).

No. 85280-9-I/5

We affirm.[3]

_____ Mann, J.

WE CONCUR:

_____      _____
Bivk, J.                                                      Smith, C.J.

<hr>

[3] Following submission of his reply brief and amended reply brief, Hailey moved to seal both filings because they contain medical and health information. The Board has not opposed Hailey's motion. But the records referenced throughout Hailey's reply brief, and attached as exhibits, were publicly filed in the trial court. Hailey does not address the trial court record in his motion to this court. To the extent Hailey wants these records sealed, he may bring a GR 15 motion before the trial court and then file a redacted version of his reply brief with this court. Upon filing a redacted brief, Hailey's earlier submissions will be sealed. As a result, we deny Hailey's motion to seal without prejudice.