JAMES J. BOOKER v. ROBERT E. PORTH AND WILLIAM R. PORTH.

(Filed 19 June 1968.)

1. Lis Pendens—

    G.S. 1-116, authorizing the filing of a notice of *Lis Pendens*, does not apply to an action to secure a personal judgment for the payment of money even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant.

2. Judgments §§ 14, 19—

    In an action by an attorney to recover upon an alleged express contract for the payment of attorney fees, a judgment by default final is irregularly and improvidently entered where the complaint fails to allege a sum of money fixed by the terms of the contract or capable of being ascertained therefrom by computation, G.S. 1-211, the plaintiff being entitled at most to judgment by default and inquiry, G.S. 1-212, and upon motion in the cause the clerk has authority to vacate the judgment by default final.

3. Pleadings § 9—

    The Superior Court in its discretion has authority to allow verification of the answer *nunc pro tunc*.

APPEAL by plaintiff from *Martin, Robert M., J.*, 9 October 1967 Session FORSYTH Superior Court.

This action was instituted by the plaintiff, a licensed and practicing attorney in the State of North Carolina, to recover upon an alleged express contract for attorney fees.

The complaint was filed 10 June 1966, and summons was issued on the same day. Also, on 10 June 1966, the plaintiff filed with the Clerk of Superior Court a "Notice of *Lis Pendens*."

Summons was served on defendant Robert E. Porth on 10 June 1966. Due to temporary absence from the state summons was not actually served on defendant William R. Porth until 25 August 1966. On 7 July 1966 Womble, Carlyle, Sandridge and Rice, Attorneys at Law, purporting to act on behalf of both defendants, filed a motion to cancel the notice of *lis pendens*. On 8 July 1966 the same attorneys filed an answer purporting to be on behalf of both defendants, verified only by Robert E. Porth.

On 27 September 1966, upon the *ex parte* application of the plaintiff, a judgment by default final was entered against the defendant William R. Porth by the Assistant Clerk of Superior Court of Forsyth County. On 15 December 1966, defendant William R. Porth filed a motion through his attorneys of record to vacate the judgment by default final. This motion was heard upon affidavits by the Clerk of Superior Court of Forsyth County and his order was entered on 6 January 1967 finding in substance that William R. Porth was represented by counsel and that counsel had filed answer

on behalf of both defendants on 8 July 1966; that William R. Porth had a meritorious defense; and that the judgment by default final was improvidently entered. He thereupon entered an order vacating and setting aside the judgment by default final.

From the Clerk's order the plaintiff appealed to the Judge of Superior Court. On 10 October 1967 Judge Martin entered an order canceling and removing from the records the notice of *lis pendens* theretofore filed by the plaintiff. Also, on 10 October 1967, Judge Martin affirmed the order of the Clerk vacating the judgment by default final, and Judge Martin further permitted defendant William R. Porth to verify the answer *nunc pro tunc*.

From the two orders entered by Judge Martin on 10 October 1967 the plaintiff appeals to this Court.

*James J. Booker, pro se, plaintiff appellant.*
*Womble, Carlyle, Sandridge and Rice by Charles F. Vance, Jr., Attorneys for defendant appellee.*

BROCK, J. In this case we will proceed to the merits of the appeal without comment upon the very serious questions of whether plaintiff's case on appeal was served upon defendant in time, and whether plaintiff's record on appeal was docketed in this Court within the time prescribed by our rules.

It is abundantly clear from a reading of the complaint that plaintiff seeks by this action to recover personal judgment against the defendants for the payment of money. In his "Notice of *Lis Pendens*" plaintiff alleges: "The object of said action is to recover upon an express contract for payment of attorney's fees . . ."

G.S. 1-116, authorizing the filing of a Notice of *Lis Pendens*, does not apply to an action the purpose of which is to secure a personal judgment for the payment of money even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant. *Cutter v. Realty Co.*, 265 N.C. 664, 144 S.E. 2d 882. The "Notice of *Lis Pendens*" in this case was not authorized and Judge Martin was correct in canceling and removing the same from the records.

The plaintiff's complaint consists of thirty-five paragraphs of detailed allegations and will not be reproduced here. Plaintiff details his professional services to the defendant Robert E. Porth in preparation, trial, appeal, and in collateral matters. However, nowhere does he allege a contract for the payment of a total specific sum for his professional services and expenses; nor does he allege a contract agreed to by the parties from which contract a total specific sum could be computed. At best he alleges a contract for services and expenses, a determination of the amount of which would require evi-

dence and findings of fact, even in the absence of an answer denying the claim. The statute provides for judgment by default final "where the complaint sets forth one or more causes of action, each consisting of the breach of an express or implied contract to pay, absolutely or upon a contingency, a sum or sums of money *fixed by the terms of the contract, or capable of being ascertained therefrom by computation.*" (Emphasis added.) G.S. 1-211. There was no certainty of total amount to be paid under the contract alleged by plaintiff; therefore, upon failure of answer by defendant, plaintiff would be entitled, at most, to judgment by default and inquiry. G.S. 1-212. The judgment by default final was irregularly and improvidently entered in this case by the Assistant Clerk, and the Clerk had authority to vacate the same upon motion in the cause. *Cook v. Bradsher,* 219 N.C. 10, 12 S.E. 2d 690; *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; 5 Strong, N. C. Index 2d, Judgments, § 19, p. 40. Judge Martin was correct in affirming the Clerk's action.

It appears that both defendants, in apt time, properly filed a joint answer verified by one of the defendants in accordance with G.S. 1-145; but, in any event, after the judgment by default final had been vacated, Judge Martin allowed the defendant William R. Porth to verify the answer. This he was authorized to do in the exercise of his discretion. *Rich v. R. R.,* 244 N.C. 175, 92 S.E. 2d 768. No abuse of discretion is shown. The plaintiff has not been damaged; his action is pending and stands ready for trial.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.