**TINKERS & CHANCE, Plaintiff–Appellant,**

v.

**ZOWIE INTERTAINMENT, INC., Defendant–Appellee.**

No. 01–1292.

United States Court of Appeals, Federal Circuit.

June 7, 2001.

Before MAYER, Chief Judge, SCHALL and GAJARSA Circuit Judges.

ORDER

GAJARSA, Circuit Judge.

Zowie Intertainment, Inc. moves to dismiss the appeal for lack of jurisdiction. Tinkers & Chance opposes. Zowie moves for sanctions. Tinkers & Chance opposes.

Warren S. Heit and Brian I. Marcus are partners in Tinkers & Chance and are the inventors and owners of the patent at issue in this case. On February 21, 2001, the district court disqualified Heit and Marcus from representing Tinkers & Chance because they would be principal witnesses at

trial and their dual role could lead to jury confusion. Tinkers & Chance seeks immediate review of the district court's February 21, 2001 disqualification order.

Zowie moves to dismiss, arguing that the district court's disqualification order is not subject to an immediate appeal. Tinkers & Chance opposes, asserting that this is an appeal from an order disqualifying Heit and Marcus from participating pro se; therefore, the order is immediately appealable under the collateral order exception to the finality requirement.[1]

 We agree with Zowie that the disqualification order is not immediately appealable. "Orders disqualifying counsel in civil cases ... are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 440, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). While Tinkers & Chance may be an "informal partnership," as it alleges in its motion papers, it is nevertheless a separate legal entity. The district court properly determined that this was not a pro se case and that the considerations in 28 U.S.C. § 1654 were not applicable. All artificial entitites, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Thus, the district court's order disqualified Heit and Marcus from participating as counsel for the partnership, it did not disqualify Heit and Marcus, partners in Tinkers & Chance, from

proceeding pro se. We therefore must dismiss for lack of jurisdiction.[2]

Accordingly,

IT IS ORDERED THAT:

(1) Zowie's motion to dismiss is granted.

(2) Zowie's motion for sanctions is denied.

(3) Each side shall bear its own costs.

---

1. Zowie also asserts that mandamus relief pursuant to 28 U.S.C. § 1651 is inappropriate. There is no need to address this issue as Tinkers & Chance states in its opposition that it has "not invoked [its] right to seek mandamus relief as of yet."

2. Tinkers & Chance also asserts in a footnote that because the district court required Heit and Marcus to obtain representation, it issued a mandatory injunction subject to appellate review under 28 U .S.C. § 1292(a)(1). As discussed above, the district court did not order the partnership members to obtain counsel, it disqualified Tinkers & Chance's counsel and directed the partnership to obtain new counsel.