**Sandra M. KIPP and Gregory T. Kipp, Plaintiffs,**

v.

**ROYAL & SUN ALLIANCE PERSONAL INSURANCE COMPANY, Involuntary Plaintiff,**

v.

**Thomas Conveyor Company, et al., Defendants.**

No. 02–C–0031.

United States District Court, E.D. Wisconsin.

July 17, 2002.

George Burnett, Liebmann, Conway, Olejniczak & Jerry, Green Bay, WI, for Sandra M. Kipp and Gregory Kipp.

William J. Ewald, Denissen, Kranzush, Mahoney & Ewald, Green Bay, WI, for Thomas Conveyor Company.

John V. McCoy, Bode, Carroll, McCoy & Mihal, SC, Waukesha, WI, for American Risk Management Associates Inc. and Robin Williams.

## ORDER

RANDA, District Judge.

Transmotion, LLC ("Transmotion"), one of the many defendants in this product liability action, is a limited liability company ("LLC") organized under the laws of the State of Wisconsin. In response to the plaintiff's Amended Complaint, Transmotion has filed an "Intended Answer"[1] signed by Tim Sullivan, "Representative for Defendant." It does not appear that Mr. Sullivan is a licensed attorney.

It is well-established that "a corporation may appear in the federal courts only through licensed counsel." *Operating Engineers Local 139 Health Fund v. Rawson Plumbing, Inc.,* 130 F.Supp.2d 1022, 1023 (E.D.Wis.2001) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)); *see also Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984), *cert. denied,* 469 U.S. 1217, 105 S.Ct. 1198, 84 L.Ed.2d 342 (1985). Similarly, a

---

1. The "Intended Answer" only responds to selected paragraphs of the Amended Complaint.

partnership may only appear in court through counsel. *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1309–10 (2d Cir. 1991). In Wisconsin, as in other jurisdictions, an LLC is "a hybrid form of business organization that combines the corporate characteristics of limited liability for its owners with the . . . taxation and operating flexibility of a partnership." Joseph W. Boucher and Leonard S. Sosnowski, *The Wisconsin Limited Liability Company,* 66 WISCONSIN LAWYER 9 (December 1993). Accordingly, an LLC should be governed (on this issue, at least) by the same rule that applies to both corporations and partnerships. In other words, "whether the LLC [is] characterized as a corporation, a partnership, or a hybrid, it may only appear in court through counsel." *Collier v. Cobalt, LLC,* 2002 WL 726640 (E.D.La.); *see also In re ICLNDS Notes Acquisition, LLC,* 259 B.R. 289, 293–94 (Bankr.N.D.Ohio 2001).

The appropriate response when an LLC's pleading is *not* signed by counsel is to: (1) order the LLC to appear by counsel "within a reasonable time," and (2) issue a warning that the failure to do so may result in entry of default and default judgment. *Operating Engineers,* 130 F.Supp.2d at 1024–25.

NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Transmotion shall file an answer signed by counsel within twenty (20) days of the date below; and

2. Failure to comply with this order shall result in entry of default and entry of default judgment.

**SO ORDERED.**