**Jerry GILLEY, and Three Rivers Valle, LLC, Plaintiffs,**

v.

**Carroll SHOFFNER, Defendant.**

**No. CIV.1:04 CV 00533.**

United States District Court, M.D. North Carolina.

Nov. 18, 2004.

Jerry Gilley, Asheville, NC, pro se.

Robert J. Wishart, Wishart Norris Henninger & Pittman, P.A., Burlington, NC, William A. Navarro, Wishart Norris Henninger & Pittman, P.A., Charlotte, NC, for Defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiffs filed a *pro se* action against Defendant in the General Court of Justice, Superior Court Division, Cabarrus County, North Carolina, on May 4, 2004. Plaintiffs simultaneously filed a notice of lis pendens pursuant to North Carolina General Statute § 1–116, which was cross-indexed by the Clerk of the Superior Court in the Record of Lis Pendens pursuant to North Carolina General Statute § 1–117. Defendant timely removed the action based on diversity of citizenship. Before the court is Defendant's motion to cancel the notice of lis pendens and to dismiss Plaintiff Three Rivers Valle, LLC.

## DISCUSSION

I. *The Notice of Lis Pendens is Unauthorized by State Statute and Should be Cancelled*

The court applies North Carolina law in determining the propriety of the notice of lis pendens. 28 U.S.C. § 1964 ("Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner … in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such

State."); N.C. Gen.Stat. § 1–120.1 ("The provisions of [North Carolina law regarding lis pendens] shall apply to suits affecting the title to real property in the federal courts."). "The sole object of lis pendens is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgments. It gives notice of a claim of which otherwise a prospective purchaser would be ignorant." *Mass. Bonding & Ins. Co. v. Knox*, 220 N.C. 725, ——, 18 S.E.2d 436, 438 (1942); *see also In re Medlin*, 229 B.R. 353, 358 (Bankr. E.D.N.C.1998) ("In North Carolina, as in other states, lis pendens 'is a statutory device by which the world is put on notice that an order of attachment has been issued with respect to certain real property owned by a party against whom a monetary judgment is sought.'" (citation omitted)).

The North Carolina code provides for three situations in which notice of lis pendens may be utilized. *See* N.C. Gen.Stat. § 1–116(a). The three situations are: "(1) Actions affecting title to real property; (2) Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and (3) Actions in which any order of attachment is issued and real property is attached." *Id.; see Zinn v. Walker*, 87 N.C.App. 325, 361 S.E.2d 314 (1987) (finding that a real estate developer who entered into an offer to purchase agreement held only a contractual interest in the resale profits and could not file a notice of lis pendens). If the plaintiff's complaint fails to assert a claim falling within the scope of actions contemplated by North Carolina General Statute § 1–116(a), then the court may cancel the notice of lis pendens on a motion by the owner of the land without final resolution of the plaintiff's complaint. N.C. Gen.Stat. § 1–120 (providing that the court in which the action was commenced may "on good

cause shown" order the notice of lis pendens to be cancelled of record); *In re Tara of North Hills*, 84 B.R. 416, 419 (Bankr. E.D.N.C.1988) ("Although the court in which the action was commenced is the Superior Court Division of the General Court of Justice for Wake County, North Carolina, the civil suit has been removed to this court and this bankruptcy court is now the appropriate court to enter the order pursuant to N.C.GEN.STAT. § 1–120."); *see also Cutter v. Cutter Realty Co.*, 265 N.C. 664, 669, 144 S.E.2d 882, 885 (1965) ("This is not an action of a type in which G.S. § 1–116 permits the filing of a notice of lis pendens and, therefore, the order canceling the notice filed by the plaintiffs was properly entered.").

Plaintiffs' complaint alleges fraud, negligent misrepresentation, breach of contract, fraudulent concealment, unjust enrichment, and unfair and deceptive trade practices arising out of an oral contract to develop land owned by Defendant. The complaint filed by Plaintiffs is not an action "to foreclose any mortgage or deed of trust or to enforce any lien on real property," nor is it an action "in which any order of attachment is issued and real property is attached." N.C. Gen.Stat. § 1–116(a). Accordingly, analysis of whether or not to cancel the lis pendens centers upon the inquiry of whether Plaintiffs' cause of action "affect[s] title to real property." *Id.*

■ "In determining whether a cause of action affects title to real property within the meaning of G.S. § 1–116(a)(1), the nature of the action must be analyzed by reference to the facts alleged in the body of the complaint rather than by what is contained in the prayer for relief." *George v. Administrative Office of Courts*, 142 N.C.App. 479, 483, 542 S.E.2d 699, 702 (2001). A cause of action does not affect title to real property merely because the

action seeks to secure a personal judgment for the payment of money, even though such a judgment, if obtained and properly docketed, would be a lien upon defendant's land. *Booker v. Porth,* 1 N.C.App. 434, 435, 161 S.E.2d 767, 768 (1968) (regarding payment for legal services rendered); *see also Jarrett v. Holland,* 213 N.C. 428, ——, 196 S.E. 314, 316 (1938) ("The mere description of a tract of land in a complaint in which only a judgment for debt is sought does not give the action the force and effect of a lis pendens, unless the allegations in the complaint involve the title to lands.").

■ Here, the facts alleged in Plaintiffs' complaint do not state a cause of action affecting the title of Defendant's land. Instead, Plaintiffs assert tort and contract claims against Defendant. Plaintiffs make no ownership claim to the property; seek no relief transferring title, setting aside a deed, instrument or conveyance; and do not seek to correct a deed. While Plaintiffs might ultimately secure a lien against lands owned by Defendant to secure payment of a judgment, that possibility alone does not warrant a notice of lis pendens on Defendant's land. Accordingly, the court will cancel the notice of lis pendens against Defendant's property because Plaintiffs' cause of action does not affect the title to Defendant's property.

II. *Plaintiff Three Rivers Valle, LLC, Should be Dismissed Because it Cannot Appear Pro Se*

■ Whether a corporate party may proceed *pro se* is a procedural inquiry governed by federal law and the rules of the court. *See, e.g., Allied Colloids, Inc. v. Jadair, Inc.,* 139 F.3d 887, 1998 WL 112719 (4th Cir.1998) (Table) (affirming the lower court's dismissal of an unrepresented corporate defendant in a diversity action based upon local federal court rule). "[T]he law is well established that a corporation cannot appear *pro se.*" *Microsoft Corp. v. Computer Serv. & Repair, Inc.,* 312 F.Supp.2d 779, 780 (E.D.N.C.2004); *In re 1103 Norwalk Street, L.L.C.,* No. 01–10059C–7G, 2003 WL 23211563 at *1 (Bkrtcy.M.D.N.C.2003) ("it is well established that a corporation can appear only through a licensed attorney").[1] Courts have extended this rule to apply to all forms of business entities. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (interpreting the rule prohibiting corporations from appearing *pro se* to apply to all artificial entities); *see also Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001) ("a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se* "); *Tinkers & Chance v. Zowie Intertainment, Inc.,* 15 Fed.Appx. 827, 2001 WL 706908 (Fed.Cir.2001) ("All artificial entities such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney"). Accordingly, a limited liability company can appear in court only through a licensed attorney because it is a business entity. *In re 1103 Norwalk Street, L.L.C.,* 2003 WL 23211563 at *1; *see Kipp v. Royal & Sun Alliance Personal Ins. Co.,* 209 F.Supp.2d 962, 963 (E.D.Wis.2002) (stating that "an LLC should be governed ... by the same rule" mandating that both partnerships and corporations can appear in court only by

---

1. North Carolina state courts follow an analogous rule prohibiting corporations from appearing *pro se.* *See Lexis–Nexis, Div. Of Reed Elsevier, Inc. v. TRaviSHan Corp.,* 155 N.C.App. 205, 573 S.E.2d 547 (2002) (finding that, generally, a corporation must be represented by a licensed attorney).

counsel); *Collier v. Cobalt, LLC,* No. Civ. A. 01–2007, 2002 WL 726640 (E.D.La.2002) ("Whether the LLC is characterized as a corporation, a partnership, or a hybrid, it may only appear in court through counsel.").

 Plaintiff Three Rivers Valle, LLC, is not represented by an attorney. The complaint filed on behalf of both Plaintiffs is not signed by an attorney and constitutes a *pro se* pleading. Three Rivers Valle, LLC, as a limited liability company, may not appear in this case or seek relief *pro se.* The court would ordinarily consider granting an additional period of time for Three Rivers Valle, LLC, to obtain legal counsel. Here, however, Three Rivers Valle, LLC, did not respond to Defendant's motion to dismiss and has not sought a stay to employ counsel. Despite being on notice of the problem, Three Rivers Valle, LLC, has in no way addressed it. Under these circumstances, further delay is not appropriate and Three Rivers Valle, LLC, will be dismissed.

### CONCLUSION

For the foregoing reasons, the court will grant Defendant's motion to cancel the notice of lis pendens and grant Defendant's motion to dismiss Plaintiff Three River Valles, LLC.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion for the court to order that the notice of lis pendens filed by the Plaintiffs in the Office of the Clerk of Superior Court of Cabarrus County, North Carolina, be cancelled [Doc. # 6] is **GRANTED,** and IT IS ORDERED that the Clerk of Superior Court of Cabarrus County, North Carolina, cancel the notice of lis pendens pursuant to North Carolina General Statute §§ 1–120 and 1–120.1.

IT IS FURTHER ORDERED that Defendant's motion to dismiss Plaintiff Three Rivers Valle, LLC [Doc. # 7] is GRANTED, and Plaintiff Three Rivers Valle, LLC, is **DISMISSED** as a plaintiff in this action.