ENERGY LIGHTING MANAGEMENT, LLC, a Florida limited liability company, and Richard J. Johnston, Plaintiffs,

v.

Larry KINDER, and Kinder Products, Inc., Defendants.

No. 3:03–CV–1027–J–25HTS.

United States District Court,
M.D. Florida.
Jacksonville Division.

Feb. 18, 2005.

Chanley Taylor Howell and James O. Birr, III, Foley & Lardner, Jacksonville, FL, for Plaintiffs.

P. Campbell Ford and David S. Wainer, III, Ford, Miller & Wainer, P.A., Jacksonville, FL, for Defendants.

### *ORDER*

SNYDER, United States Magistrate Judge.

Before the Court is the Motion for Leave to Withdraw as Counsel for Plaintiffs (Doc. # 24; Motion), filed on February 2, 2005. Defendants' Response to Plaintiffs' Motion for Leave to Withdraw as Counsel (Doc. # 25; Response) was filed on February 10, 2005.

This case involves a dispute concerning rights to an invention allegedly hailed as a means to lower the energy consumption of lighting products. Amended Complaint (Doc. # 9; Complaint), filed on December 29, 2003, ¶¶ 7,16. In their Complaint, Plaintiffs, who say they sought to purchase Defendants' rights to the device, *id.* ¶ 10, claim breach of an assignment agreement

**1332**

(Count III), fraudulent inducement regarding an indemnification agreement (Count I), and breach of an employment and nondisclosure agreement (Count IV). They seek rescission of the indemnity agreement (Count II), relief from any further contractual obligations and/or a setoff (Counts III and IV), and damages (all Counts).

Counsel for Plaintiffs now states his clients "are unable to continue to pay for [his firm's] representation of them." Motion at 1. He asks that the Court "allow Plaintiffs reasonable time to obtain replacement counsel." *Id.* Defendants have no objection to the Motion "provided that this Court place strict conditions upon Plaintiffs" in that they "be required to meet all deadlines contained" in the Case Management and Scheduling Order (Doc. # 20; CMSO). Response at 3. Given the reason for the request to withdraw, Defendants are also concerned "as to the ability of Plaintiffs to retain new counsel." *Id.* at 2.

The Court shares Defendants' concerns, particularly their doubts about Plaintiffs' ability to retain new counsel if they cannot afford to maintain their current representation. Also, it is noted that limited liability companies, like corporations, "may appear and be heard only through counsel[.]" Rule 2.03(d), Local Rules, United States District Court, Middle District of Florida (Rule(s)); *see* Rule 2.01(a) (only lawyers admitted to practice may "appear or be heard as counsel for another"); *Gilley v. Shoffner*, 345 F.Supp.2d 563, 566–67 (M.D.N.C.2004) (citing cases from various jurisdictions); *United States v. Blake Med. Ctr.*, No. 8:01–CV–844–T23MSS, 2003 WL 21004734, at *1 (M.D.Fla.2003).

█ In light of the foregoing, the Motion (Doc. # 24) is **GRANTED** to the extent Chanley T. Howell, Esquire, of the law firm of Foley & Lardner LLP, is permitted to withdraw from representation of Plaintiff Johnston, who shall proceed *pro se* until and unless he retains new counsel. However, delay associated with obtaining new counsel will not constitute grounds for extending the deadlines set forth in the CMSO. As to counsel's representation of Plaintiff Energy Lighting Management, LLC, the Motion is taken under advisement pending the filing of a notice of appearance of substitute counsel within ten (10) days from the date of this Order. Failure to file timely notice of new counsel may result in a recommendation that the case be dismissed as to that Plaintiff.